STATE, RESPONDENT, *v.* TOTTEN, APPELLANT.

(No. 5,156.)

(Submitted October 24, 1922. Decided November 27, 1922.)

[210 Pac. 1061.]

*Criminal Law — Assault and Battery — Self-defense — Erroneous Instruction.*

1. In a prosecution for assault and battery an instruction that if defendant could have avoided a conflict between herself and the prosecuting witness, without increasing the danger to herself it was her duty to do so and thus render resort to the law of self-defense unnecessary, was prejudicially erroneous, in that it placed a greater burden upon defendant than the law exacts, since a person assailed may act upon appearances as they present themselves to him and meet force with force though in fact he may not have been in actual peril.

*Appeals from District Court, Missoula County; Asa L. Duncan, Judge.*

FLORA TOTTEN was convicted of assault and battery and appeals from the judgment and an order denying a new trial. Reversed and new trial ordered.

*Mr. John E. Patterson* and *Mr. Dan J. Heyfron,* for Appellant, submitted a brief; *Mr. Heyfron* argued the cause orally.

Citing: 5 Ann. Cas. 999, note; *State* v. *O'Brien,* 18 Mont. 1, 43 Pac. 1091, 44 Pac. 399; *People* v. *Lewis,* 117 Cal. 186, 59 Am. St. Rep. 167, 48 Pac. 1088; *State* v. *Cushing,* 14 Wash. 527, 53 Am. St. Rep. 883, 45 Pac. 146; *Willis* v. *State,* 43 Neb. 102, 61 N. W. 258; *Beard* v. *United States,* 158 U. S. 550, 39 L. Ed. 1086, 15 Sup. Ct. Rep. 962 [see, also, Rose's U. S. Notes]; *Goshen* v. *People,* 22 Colo. 270, 44 Pac. 503; *State* v. *Middleham,* 62 Iowa, 150, 17 N. W. 446; *Young* v. *State,* 74 Neb. 346, 2 L. R. A. (n. s.) 66, 104 N. W. 867.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. Foot* argued the cause orally.

Accepting appellant's testimony and disregarding all of the state's evidence, we find that the complaining witness, if she made the first assault upon appellant, did not follow up the assault, but that appellant returned to the attack instead of withdrawing and avoiding the conflict. Therefore, there was no element of self-defense in the fray because appellant could have avoided the conflict, as the complaining witness was not following up any attack but was apparently satisfied with having pushed appellant out of the door. Appellant, however, was not satisfied, but returned instead of withdrawing, thereby becoming the assailant and not the assailed. Since appellant's own testimony shows that she returned to the combat and willingly renewed the argument, she was not entitled to plead self-defense in justification. (*McWilliams* v. *State,* 12 Ala. App. 92, 67 South. 735; *Harris* v. *State,* 123 Ala. 69, 26 South. 515; 5 C. J. 749.)

Appellant provoked the difficulty by attempting, by force, to eject the complaining witness and to remove her household goods from the house. Therefore, unless she afterward, and in good faith, actually withdrew from the conflict, she cannot avail herself of the plea of self-defense. (5 C. J. 749; *People* v. *Douglas,* 87 Cal. 281, 25 Pac. 417; *State* v. *Kirkman,* 91 Iowa, 719, 59 N. W. 24; *State* v. *McCann,* 43 Or. 155, 72 Pac. 137.)

MR. COMMISSIONER BORTON prepared the opinion for the court.

This is an appeal from a judgment of conviction and from an order overruling a motion for a new trial.

Appellant presents seventeen specifications of error. It is only necessary to consider one of these, and to make an ob-

servation upon the ruling of the court upon one branch of defendant's case.

The court gave state's offered instruction No. 11 as the [1] court's instruction No. 8, which is as follows: "You are instructed that if you believe from the evidence, beyond a reasonable doubt, that the defendant could have avoided any conflict between herself and Mrs. Ramer, without increasing the danger to herself, it was her duty to avoid such conflict and so render a resort to the law of self-defense unnecessary." The defendant by timely objection called in question the law of self-defense as laid down in this instruction and given to the jury. This instruction does not state the law of self-defense within this jurisdiction. It imposed a duty upon the defendant which it was not necessary for her to bear, namely, that she was to avoid such a conflict. She has the right to act upon the principle of appearances, if she is assailed. That principle of law is enunciated by this court, speaking through Mr. Justice Holloway, in *State* v. *Merk*, 53 Mont. 454, 164 Pac. 655, in which it is said: "A person assailed may act upon appearances as they present themselves to him, meet force with force, and even slay his assailant; and, though in fact he was not in any actual peril, yet if the circumstances were such that a reasonable man would be justified in acting as he did, the slayer will be held blameless." It appearing, therefore, that the instruction is erroneous, and imposed a greater burden upon the defendant than the law exacts, it is clear that the defendant suffered prejudicial error in the giving of the same.

Defendant advanced the theory in numerous instances that the court should pass upon the contract of hiring between defendant and Mr. Ramer, the husband of the complaining witness. Upon each occasion the trial court ruled such a question was immaterial, and properly so.

We recommend that the judgment and order be reversed and the cause remanded to the district court of the fourth

judicial district of the state of Montana, in and for the county of Missoula, for a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order are reversed and the cause is remanded to the district court of the fourth judicial district of the state of Montana, in and for the county of Missoula, for a new trial.

*Reversed and remanded.*