No. 12127

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA,

           Plaintiff and Respondent,

-vs-

RONALD L. JONES,

           Defendant and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
              Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

    For Appellant:

        John C. Hall argued, Great Falls, Montana.

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana.
        Jonathan B. Smith, Assistant Attorney General, argued,
        Helena, Montana.
        J. Fred Bourdeau, County Attorney, Great Falls, Montana.
        James R. Walsh, Deputy County Attorney, argued, Great
        Falls, Montana.

---

                    Submitted:  November 27, 1972

                    Decided:  JAN 8 - 1973

Filed:  JAN 8 - 1973

*Thomas J. Kearney*
                        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant was convicted of the crime of second degree assault following a jury trial in the district court of Cascade County and sentenced to one year in the state prison by the Hon. Paul G. Hatfield, district judge. Defendant now appeals from the judgment of conviction.

Defendant Ronald Leslie Jones was a passenger in a Volkswagen van that overturned about 6:00 p.m. on March 23, 1971, in Parkdale, a housing development in Great Falls, Montana. At the time of the accident, Mike McCrea was driving the Volkswagen and Patrick McCrea and defendant were passengers. Officer Clifford Ayers of the Great Falls police department was dispatched to investigate. Upon his arrival at the accident scene, he found the Volkswagen van laying on its side and several people standing around, including the driver and passengers of the Volkswagen van who identified themselves. After ascertaining that there were no serious injuries, Officer Ayers took the driver, Mike McCrea, into the police car and began filling out an accident report form. Patrick McCrea and defendant remained near the overturned vehicle.

In the meantime Officer Eugene Bernardi of the Great Falls police had been sent to the accident scene to assist in the investigation by the police dispatcher who informed him that possibly some beer belonging to the occupants of the Volkswagen van might be involved. When Officer Bernardi arrived at the accident scene he ascertained from Officer Ayers that no one had been injured in the accident and that the two men standing near the overturned vehicle had been involved in the accident. Officer Bernardi walked over to a nearby parking area, found some beer between two cars, and placed it in Officer Ayers' police car. He then walked over to Patrick McCrea and defendant.

From this point the testimony is largely conflicting. The State's evidence indicated that Officer Bernardi asked Patrick McCrea and defendant whether it was their beer and defendant replied, "Yes, you f----- pig. We saved this for you to drink and that little bastard standing next to you."

- 2 -

referring to a small child standing nearby. Officer Bernardi told defendant to watch his language--that there were a lot of young children around. Defendant then turned to Patrick McCrea and said "Did you hear that?" Patrick McCrea answered "Yes. Don't say that f----- pig again." At this point Officer Bernardi warned him the second time and told him the next time it happened he was going to put him under arrest. Defendant then said, "Did you hear what the f----- pig said?" Officer Bernardi then attempted to grab defendant by his right arm and left shoulder, but his attempted arm-lock failed. A struggle ensued between Officer Bernardi and defendant during which Patrick McCrea kicked Officer Bernardi in the head. Eventually defendant was subdued, handcuffed, placed in Bernardi's patrol car, driven to the police station and booked. Thereafter Officer Bernardi, who had received a nose injury, facial injuries, lacerations on both knees, and a broken hand, was taken to Deaconess Hospital.

Defendant's evidence, on the other hand, indicated that Officer Bernardi came over to Patrick McCrea and defendant, asked them for identification, and the identification was furnished. Officer Bernardi, in a hostile manner, then asked who hid the beer-- McCrea or defendant. Defendant answered that he didn't hide any f----- beer. Officer Bernardi said "Watch your language", whereupon defendant turned to Patrick McCrea and said "These f----- pigs never leave a guy alone." Patrick McCrea said "Don't call him that--a f----- pig." Officer Bernardi said "Don't call me a f----- pig" and defendant said "f--- you." At this point Officer Bernardi struck defendant in the face, knocking his glasses off. A scuffle ensued and several blows were struck by Officer Bernardi and defendant. During the scuffle Patrick McCrea kicked Officer Bernardi in the head. According to defendant, Officer Bernardi never told him he was under arrest prior to striking him and at all times Officer Bernardi was the aggressor, defendant only trying to protect himself. Defendant was eventually handcuffed and driven to the police station by Officer Bernardi in his patrol car, dragged by his collar into the police station, knocked to the ground, kicked into unconsciousness, and thrown into the "drunk tank".

Defendant was charged by direct information with second degree assault to which he plead "not guilty". He was tried by jury, convicted, and sentenced to one year in the state prison. He now appeals from the judgment of conviction.

Defendant raises two issues for review upon appeal:

(1) Did the district court err in instructing the jury on elements of the second degree assault statute not embraced in the charge against defendant?

(2) Did the district court err in refusing defendant's offered instructions on self-defense?

The first issue is the principal issue upon appeal. The charge against defendant set forth in the information accuses the defendant of the crime of assault in the second degree committed as follows:

> "That at the County of Cascade, State of Montana, on or about the 23 day of March, A.D. 1971, and before the filing of this Information, the said defendant[s] then and there being, did then and there wilfully, wrongfully, unlawfully and feloniously assault a human being, who was an officer of the Great Falls City Police Department, to wit: Eugene Bernardi, with the intent then and there in [him], the said defendant[s] to prevent or resist the lawful apprehension or detention of a human being, in violation of Section 94-602, R.C.M. 1947 as amended * * *."

This clearly charges a second degree assault under section 94-602, R.C.M. 1947, which provides:

> "Every person who, under circumstances not amounting to [first degree assault]:
>
> " * * *
>
> "(5) Assaults another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court or officer, or the lawful apprehension or detention of himself, or any other person, is guilty of an assault in the second degree * * *."

(Bracketed material paraphrased; emphasis added.)

Defendant contends that the jury was instructed, in effect, that he could be convicted of second degree assault under subdivision 3 of section 94-602, R.C.M. 1947, wherein one is guilty of second degree assault if he:

> "(3) Wilfully or wrongfully wounds or inflicts grievous

- 4 -

bodily harm upon another, either with or without a weapon."

Defendant argues that he could not be convicted of second degree assault under subdivision 3 because that charge is not contained in the information filed against him.

Specifically the defendant assigns court's instructions No. 2, No. 10, and No. 11 as error. Instruction No. 2 reads:

> "An assault is defined as an unlawful attempt to inflict injury upon the person of another, coupled with the present ability to inflict such injury.
>
> "Assault in the Second Degree is defined:
>
> "A. Every person who wilfully or wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon; or,
>
> "B. Assaults another to prevent or resist the execution of any lawful process or mandate of any court or officer, or the lawful apprehension or detention of himself, or of any other person."

Defendant's objection to this instruction was in the following language:

> "Object to that, Your Honor, in that it does not define the assault charged in the Information which is 94-602-605 (sic), but includes other sections, other subsections of that section, which are not charged in the information."

Court's instruction No. 10 provided:

> "With regard to the charge that the defendant committed an assault in the second degree in that he wilfully and wrongfully assaulted Officer Bernardi in a manner likely to produce grievous bodily harm, specific intent is not an element of the charge. The law presumes a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another. This is a conclusive presumption which means it cannot be controverted or rebutted by other evidence.
>
> "Therefore, if you find beyond a reasonable doubt that the defendant, though he did not intend to resist or prevent his lawful apprehension or detention, he nevertheless struck Officer Bernardi for the purpose of injuring him, the law presumes that he acted with a malicious and guilty intent, and the defendant is not entitled to rebut the presumption, for if you have found that the defendant's act was unlawful and was for the purpose of injuring you have necessarily found unlawful intent."

Although it does not appear in the record with clarity, we shall assume that the following objection by defendant was directed at court's

- 5 -

instruction No. 10.

> "I object to it for the reason that it should state
> the kind of second degree assault. Further reason the
> kind of crime referred to in the Information is the
> kind of assault with intent to prevent or resist arrest."

Court's instruction No. 11 said:

> "You are instructed that grievous bodily harm would include
> any hurt or injury calculated to interfere with health or
> comfort of the person injured; it need not be necessarily
> an injury of a permanent character. By grievous is meant
> atrocious, aggravated, harmful, painful, hard to bear,
> serious in nature."

Defendant objected to this instruction in the following manner:

> "I object to that on the ground that the Information
> charges assault with intent to prevent or resist arrest.
> In this charge, this instruction does not conform to the
> information at all, and the crime of assault, likely to
> produce grievous bodily harm is not included in the infor-
> mation at all."

Defendant's objections to all three instructions were overruled and the instructions were given to the jury.

The thrust of defendant's contention is that these three instructions permit conviction of a kind of assault not charged in the information, specifically assault by wilfully inflicting grievous bodily harm on another in violation of section 94-602(3), R.C.M. 1947. Defendant further argues that this type of assault requires only a general intent to commit the act constituting the assault whereas the assault charged in the information requires a specific intent. Defendant concludes that as it is impossible to tell which type of assault the defendant was convicted of, the instructions in question constitute prejudicial and reversible error.

At the outset, it is clear to us that defendant was charged in the information with but one kind of second degree assault, viz: assault with intent to prevent or resist his lawful apprehension or detention in violation of section 94-602(5). The charge specifically charges an assault "with the intent then and there in [him], the said defendant[s], to prevent or resist the lawful apprehension or detention of a human being." The charge does not contain language referring to an assault involving the wilfull or wrongful wounding or inflicting grievous bodily harm upon another. Therefore

- 6 -

court's instructions No. 2, No. 10 and No. 11 should not have been given. The only remaining question then is whether this error was prejudicial and reversible.

Section 95-2412, R.C.M. 1947 specifically provides in pertinent part:

> " * * * No cause shall be reversed by reason of any error committed by the trial court against the appel- lant, unless the record shows that the error was prejudicial."

Section 95-2425, R.C.M. 1947, expresses the converse of this rule in the following language:

> "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. * * *"

Thus the test in Montana of reversible versus harmless error is whether the error affects the substantial rights of the party against whom the error was committed or not.

Under the circumstances of this case, we hold the error harmless. The jury's verdict of conviction demonstrates its rejection of defendant's evidence that he acted in self-defense. Absent this evidence, only one conclusion is possible under the remaining evidence, viz: that defendant assaulted Officer Bernardi to prevent or resist his lawful apprehension or detention. Defendant admitted that he repeatedly used profane and obscene language in the presence of women and small children. The evidence is un- rebutted that this constitutes a crime under the ordinances of the City of Great Falls. It is undisputed that this offense was committed in the presence of Officer Bernardi who warned defendant against the use of such language. Absent defendant's evidence tending to prove self-defense and that Officer Bernardi struck him first, which the jury demonstrably rejected, the only remaining evidence indicated that Officer Bernardi attempted to apply an armhold on defendant for the purpose of apprehending and detain- ing him. Defendant admits a struggle with Officer Bernardi, admits that he struck Officer Bernardi, and admits that he was eventually handcuffed and placed in the police car. The evidence permits but a single conclusion-- that defendant assaulted Officer Bernardi with the specific intent to pre- vent his lawful apprehension and detention. The evidence is not only over- whelming, it demonstrates conclusively defendant's guilt of the crime charged.

Under such circumstances, defendant's guilt or innocence of a type of assault not charged is immaterial and cannot affect the verdict. Accordingly, the errors in the three jury instructions constitute harmless error.

Directing our attention to the second issue for review, defendant contends that reversible error occurred when the court refused his following offered jury instructions:

> "It is lawful for a person who is being assaulted, and who has reasonable ground for believing that bodily injury is about to be inflicted upon him, to stand his ground and defend himself from such attack, and in doing so he may use all force and means which he believes to be reasonably necessary and which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent."

> "A person who has been attacked and who is exercising his right of lawful self-defense is not required to retreat, and he not only may stand his ground and defend himself against the attack but may also pursue his assailant until he has secured himself from danger if that course appears to him, and would appear to a reasonable person in the same situation, to be reasonably and apparently necessary; and this is his right even though he might more easily have gained safety by withdrawing from the scene."

The gist of defendant's complaint is that the "reasonable man" standard enabling defendant to act on appearances in self-defense as provided in the above instructions is the law in Montana and was not covered anywhere in the court's instructions to the jury. Defendant cites State v. Totten, 65 Mont. 203, 210 P. 1061 and State v. Daw, 99 Mont. 232, 43 P.2d 240, in support of the offered instructions.

The giving or refusal of a particular instruction in a given case must be determined in the light of the evidence and issues in that case, and therefore a given instruction may be proper in one case and improper in another. We have no quarrel with the offered instructions here as correct statements of the law; however, we hold their refusal by the trial court correct because the evidence did not support such instructions. In the instant case appearances and actualities are identical; there is simply no evidence from which the jury could infer that the defendant in exercising his right of

self-defense acted on appearances as a reasonable man rather than in light of the actual situation that presented itself.

The judgment of the district court is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justices