No. 85-214

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

WILLIAM E. HARVEY,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard J. Carstensen, P.C., argued, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
John Paulson, Asst. Atty. General, Helena
A. Michael Salvagni, County Attorney, Bozeman, Montana
James D. McKenna argued, Deputy County Attorney,
Bozeman, Montana

Submitted: December 3, 1985

Decided: January 14, 1986

Filed: JAN 14 1986

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Defendant was arrested on September 10, 1983, near the Trailside Store in Belgrade, Montana. An Information was filed on October 14, 1983, charging defendant with burglary, attempt, and possession of burglary tools. Defendant appeared and pled not guilty to all charges at his arraignment in the Eighteenth Judicial District, Gallatin County, on November 4, 1983.

Due to continuances, waivers of speedy trial, and defendant's change of counsel, the case did not come to trial until August 13, 1984. The charge on possession of burglary tools was dropped prior to trial. After hearing all the evidence, the trial judge instructed the jury it could find defendant guilty of criminal trespass to property. The jury returned a verdict on August 15, 1984, finding defendant guilty of criminal trespass to property. Defendant was sentenced to 30 days in the Gallatin County Jail. After the trial judge refused to grant a new trial, this appeal followed.

We affirm.

The issues presented for review are:

1. Whether criminal trespass is a lesser included offense to the offense of burglary.

2. Whether the State satisfied its burden on the defendant's speedy trial claim.

3. Whether the State failed to prove venue of this offense as occurring within Gallatin County, Montana.

4. Whether the defendant's pro se motions deprived the District Court of jurisdiction.

5. Whether the District Court's instructions as to the elements of the offense and the definition of public versus private access were erroneous.

6. Whether there was sufficient evidence for the jury to find every material element of criminal trespass beyond a reasonable doubt.

The affidavit of probable cause and leave to file information alleged the following: that defendant had entered the Trailside Store in Belgrade, Montana, and requested to use the men's room; defendant was accompanied by a woman, Patricia Bond, who remained in the front part of the store; an employee of the store, DeWayne Westfall, entered the store and walked back to the office to clock in; that upon opening the door to the office Westfall saw defendant crouching in front of the safe; upon seeing Westfall, defendant cursed and left the office, remaining in another part of the store momentarily before leaving; that Officer Baughman, called in to investigate, found a 5" lock pick on a shelf in the store, approximately where defendant had been standing; and that pursuant to an authorized search, burglary tools were seized from defendant's vehicle.

The defendant's version is that he went into the store to use the telephone in the store's office. On a previous occasion he had been allowed to use the phone. He knew where the phone was, the office was not locked, so he was in the store office with permission for a valid purpose. The lock pick found in the store would have been absolutely useless in trying to open a combination safe. Additionally, defendant is a locksmith, and it should not be incriminatory that he has tools which are considered to be "burglar's tools."

The information was filed on October 14, 1983, charging defendant on the following counts: 1) burglary, a felony,

3

2) attempt, theft, a misdemeanor, and 3) possession of burglary tools, a misdemeanor. Defense counsel, Jerome Cate, filed a motion to quash information on October 27, 1983. Defendant was arraigned on November 4, 1983, and plead not guilty on all counts. An omnibus hearing was held on December 23, 1983, and trial was scheduled for January 16, 1984. The order denying the motion to quash was entered on December 28, 1983. A suppression hearing was held on January 6, 1984, and the trial judge re-scheduled the trial for February 27, 1984, since defendant had not obtained full discovery.

The State filed for a continuance, based upon newly discovered evidence, and trial was set for April 16, 1984. Defendant filed a waiver of speedy trial for the period from February 27, 1984 to April 16, 1984.

On April 13, 1984, defense counsel filed several motions, including a waiver of speedy trial from April 16, 1984, to whenever the court re-scheduled the matter. In late April, defendant became disillusioned with his counsel and started filing pro se motions and supporting briefs. This resulted in counsel filing a motion to withdraw.

A hearing was held on June 4, 1984, addressing the motions on file up to that point, including counsel's motion to withdraw. Counsel was allowed to withdraw, and defendant was given 14 days to retain new counsel. Defendant repeatedly stated he did not wish to proceed pro se. The trial judge informed defendant that his pro se motions would not be considered unless they were re-submitted through his counsel of record. The trial judge denied defendant's motion for disqualification, pointing out it was untimely.

On June 18, 1984, another hearing was held. Defendant not having retained new counsel, the trial judge assigned a

4

public defender to the case until defendant retained new counsel. The judge scheduled a new omnibus hearing for July 5, 1984, due to new counsel being on the case. Defendant retained new counsel on July 3, 1984.

At the hearing on July 5, 1984, the court re-affirmed its rulings that defendant's pro se motions were out of order and the disqualification motion was untimely and scheduled a hearing on pre-trial motions for August 3, 1984. Trial was set for August 13, 1984.

Prior to trial, the trial judge denied all of the defense motions, except the motion to suppress, which was granted. The possession of burglary tools charge was then dropped by the State.

The case was heard before a jury on August 13 and 14, 1984. After all the evidence had been presented, the trial judge determined defendant might be found guilty of a lesser included offense to the offense of burglary, criminal trespass, so an instruction to that effect was given. On August 15, 1984, the jury returned verdicts of not guilty of the burglary and attempt charges, but found defendant guilty of criminal trespass.

Defendant was sentenced to 30 days in the Gallatin County Detention Center. Defendant filed a motion for new trial, which was denied January 25, 1985. Defendant filed this appeal on February 1, 1985.

The first issue is whether criminal trespass is a lesser included offense to the offense of burglary. A reading of the criminal trespass and burglary statutes clearly shows that criminal trespass is a lesser included offense of burglary. Criminal trespass is "knowingly enters or remains unlawfully in an occupied structure," while burglary is "knowingly enters or remains unlawfully in an occupied

5

structure with the purpose to commit an offense therein." To commit burglary one has to commit a criminal trespass. See, §§ 45-6-203 and 45-6-204, MCA.

Although criminal trespass is by definition a lesser included offense to the offense of burglary, the evidence in the record is determinative of whether a lesser included offense instruction should be given. The trial court's instructions must cover every theory having support in the evidence. State v. Boslaugh (1978), 176 Mont. 78, 80, 576 P.2d 261, 262.

In this case, the trial judge felt it would be reversible error not to give a criminal trespass instruction, even though neither side requested such. The information filed in this case alleged, in part, "defendant committed the offense of burglary when he knowingly entered or remained unlawfully in an occupied structure, the office at the Trailside Store. . . ." Defendant did not deny his presence in the store office, rather he claimed he had permission to use the telephone in the office. This evidence raises the issue of criminal trespass and supports the trial judge's instruction on criminal trespass.

This Court has explicitly recognized criminal trespass is a lesser included offense to the offense of burglary. State v. Radi (1978), 176 Mont. 451, 463, 578 P.2d 1169, 1177. We upheld the District Court's refusal to give an instruction on criminal trespass in that case because the defense was alibi and there was no evidence to suggest the defendant could be guilty of criminal trespass but not burglary. In the present case, there was evidence presented upon which the jury could rationally conclude defendant had committed a criminal trespass, but not burglary.

Defendant argues that he was either guilty of burglary or entitled to an acquittal. The evidence does not support his contention, because there was a dispute over whether defendant was lawfully in the store's office. We hold that criminal trespass is a lesser included offense to the crime of burglary and it was not error for the District Court to instruct the jury on that offense.

The second issue is whether the State satisfied its burden on the defendant's speedy trial claim. The Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, test focuses on: 1) length of delay; 2) reason for the delay, 3) defendant's assertion of the right to speedy trial; and 4) prejudice to the defendant. In the present case, the delay in getting to trial was 11 months, 3 days, which the trial judge correctly noted was presumptively prejudicial and shifted the burden to the State to explain the reason for delay and absence of prejudice.

Defendant admits he is chargeable for the delay from February 27, 1984, to June 4, 1984, because he specifically waived the right to speedy trial during that period. The point of contention is whether defendant should be charged with the delay from June 4, 1984, to August 13, 1984, due to his substitution of counsel. The record shows the trial judge granted extensions to allow defendant to obtain new counsel and scheduled a new omnibus hearing once new defense counsel had been retained. In State v. Boyer (Mont. 1984), 676 P.2d 787, 41 St.Rep. 321, this Court found that delay caused by defendant's substitution of counsel should not be charged against the State. Boyer, 676 P.2d at 790, held the defendant was not denied the right to speedy trial where the defendant caused a substantial part of the delay. This is the situation in the present case.

Focusing on the defendant's assertion of the right, the question is raised whether defendant desired a speedy trial. In Boyer, this Court viewed the defendant's claim of denial of a speedy trial with skepticism where the defendant had substituted counsel and voiced no objection to a continuance. Boyer, 676 P.2d at 789. In the present case, defendant timely asserted his right to speedy trial, but this must be balanced against his previous waivers of the right, filing of a great number of motions and voluminous supporting briefs, and substitution of counsel.

Defendant testified before the trial judge as to the prejudice he had suffered resulting from the delay in getting to trial, which essentially was that a key witness, his alleged accomplice, was now in Nevada and not answering his calls. The State pointed out that the key witness had not been subpoenaed at any time, nor had defendant attempted to depose her or preserve her testimony in any manner. The trial judge found no significant prejudice to defendant, reasoning that defendant made no effort to secure the witness's testimony. We agree and hold that the State satisfied its burden on the defendant's speedy trial claim.

The third issue is whether the State failed to prove venue of this offense as occurring in Gallatin County, Montana. The defendant argues that the State failed to introduce any testimony that the offense occurred in Gallatin County, Montana and this is a material element of the offense, and defendant's motion to dismiss at the close of the State's case should have been granted. Defendant argues that Sandstrom v. Montana (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39, holds that Fourteenth Amendment due process requires that the State prove every element of a criminal offense beyond a reasonable doubt, but at trial, the

8

only evidence submitted was that the offense occurred in Belgrade, and, under Sandstrom, proof that the offense was committed in Gallatin County must also be introduced--it is improper to infer a material element or prove the element by judicial notice as the court below did.

However, the State correctly argues that the trial court noted that, since a witness had testified the offense occurred in Belgrade, the court could infer the crime took place in Gallatin County. In State v. Jackson (1979), 180 Mont. 195, 589 P.2d 1009, and State v. Bad Horse (1980), 185 Mont. 507, 605 P.2d 1113, this Court recognized the rule that where testimony establishes that an act took place in a particular city, judicial notice may be taken of the county where the city is located. These two opinions are controlling and the trial court therefore acted correctly. We hold that the State proved venue in this case.

The fourth issue is whether the defendant's pro se motions deprived the District Court of jurisdiction. Defendant contends that the trial court improperly refused to address his pro se motions and that upon defendant's filing of a disqualification motion the court was deprived of jurisdiction. Defendant argues that the trial court erred in ruling that defendant did not have the right to file pro se motions while represented by counsel and in having the motions placed in a separate file as there is no law, statutory or otherwise, authorizing a district court to refuse to file a motion by a defendant in a criminal proceeding. It is argued that one of the pro se motions requested the State to provide defendant with the names of former employees of the store allegedly burglarized and this information, never provided to defendant, was a vital part of the defense because one of these former employees would

have corroborated defendant's story that he had been previously allowed to use the phone in the store's office. This discovery motion was never addressed by the court, even though all of defendant's pro se motions were incorporated by reference by present counsel's pre-trial motions.

It is argued that the State's argument that defendant does not have the right to act pro se while represented by counsel ignores the fact that all of defendant's pro se motions were filed during a period when defendant's first counsel was in the process of withdrawing from the case, or while defendant was represented by a public defender, whom the trial judge had appointed without a request from defendant, and, because defendant had ineffective assistance of counsel during this period, pro se motions were the only available method of protecting defendant's constitutional rights. Defendant argues that he filed an affidavit and motion for disqualification prior to trial, and it was error for the district judge to remain on the case because upon the filing of an affidavit alleging bias on the part of the judge, § 3-1-802, MCA, mandates removal of the judge from the case.

The State notes that, at the hearing on the motion to withdraw filed by defendant's first counsel, defendant repeatedly stated he did not wish to proceed pro se. In response, the district judge pointed out that as long as defendant was represented by counsel defendant could not act pro se. This ruling is in accord with State v. Smith (Mont. 1983), 670 P.2d 96, 40 St.Rep. 1533 where the defendant sought to personally interview two witnesses, even though his counsel was allowed to do so. This Court adopted the majority position, and held, "If a defendant is adequately represented by counsel, he does not have the constitutional

10

right to also represent himself." Smith, 670 P.2d at 101. Defendant has been provided effective assistance of counsel in this case and the district judge pointed out that the pro se motions would be heard if defendant re-submitted the motions through his new counsel. The District Court did not err.

Concerning defendant's motion to disqualify the district judge, a look at the record clearly shows the motion was untimely. Section 3-1-802, MCA, requires that a motion for disqualification for cause and a supporting affidavit be filed not later than 20 days before the original trial date. The motions were filed May 25, 1984, which was only 10 days prior to the re-scheduled trial date of June 4, 1984. The district judge was correct in denying the motion. We hold that defendant's pro se motions did not deprive the District Court of jurisdiction.

The fifth issue is whether the District Court's instructions as to the elements of the offense and the definition of public versus private access were erroneous. The defendant argues that the defense submitted instructions taken exactly from the statutes defining burglary, occupied structure, property, and premises. The trial judge refused to give these instructions, rather the judge gave his own instructions which permitted the jury to find defendant guilty of criminal trespass or burglary without finding he unlawfully entered an "occupied structure."

The State argues that this Court has repeatedly held that a trial court need not deliver the instructions of the parties, but may give its own instructions if they adequately cover the facts and issues involved. The trial judge is not obligated to give the exact wording of a statute--the instruction is sufficient if it clearly defines the crime.

11

State v. Campbell (1972), 160 Mont. 111, 500 P.2d 801. In this case, the trial judge properly determined that definitions of "property," "premises," and "occupied structure," would unnecessarily confuse the jury and chose to use "any building suitable for the carrying on of business." Defense counsel did not object at that time to the instruction, and cannot now claim the trial court erred by refusing to instruct the jury as to the statutory definitions. In State v. Jones (1973), 161 Mont. 117, 505 P.2d 97, this Court held: "The giving or refusal of a particular instruction in a given case must be determined in the light of the evidence and issues in that case. . . " Jones, 505 P.2d at 102. Clearly, the trial judge conformed the jury instructions to the evidence presented at trial. The instructions given by the trial judge covered the issues presented to the jury. It is not necessary to give repetitive instructions, which would have resulted had all of defense counsel's instructions been given. See State v. Lukus (1967), 149 Mont. 45, 423 P.2d 49, and State v. Lapp (Mont. 1983), 658 P.2d 400, 40 St.Rep. 120. We hold that the District Court's instructions were not erroneous.

The sixth issue is whether there was sufficient evidence for the jury to find every material element of criminal trespass beyond a reasonable doubt. The defendant is precluded from even presenting this issue because he did not order the trial transcript be included with the appeal. Section 46-20-302(2), MCA, provides, "In all cases where the appellant intends to urge insufficiency of the evidence to support the verdict . . . it shall be the duty of the appellant to order the entire transcript of the evidence." Defendant has violated this provision, thus it is impossible

12

for this Court to review sufficiency of the evidence to as to any element of the crime.

Defendant did not order the entire transcript, which is required by § 46-20-302(2) if insufficiency of the evidence is to be argued on appeal. Therefore, defendant is precluded from asserting there was a failure of proof as to one element of criminal trespass.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

13