STATE, Respondent v. KENDRICK, Appellant.
No. 9344.
Submitted December 21, 1953. Decided January 13, 1954.
265 Pac. (2d) 201.

Raymond Shelden, Ekalaka, for appellant.

Arnold H. Olsen, Atty. Gen., Charles W. Leaphart, Asst. Atty. Gen., Roy W. Holmes, County Atty., Ekalaka, for respondent.

Mr. Shelden, Mr. Holmes and Mr. Leaphart argued orally.

MR. JUSTICE ANDERSON:

John Kendrick was found guilty of the crime of assault in

the first degree. Hé was sentenced to a term in the penitentiary. His appeal is from the judgment of conviction and from an order denying him a new trial.

The incidents leading up to the crime with which defendant was charged took place on a ranch in Carter County, Montana.

Henry Nuhn, his wife, Oney Nuhn, and their child lived in a house belonging to Henry's father, George Nuhn. On the night of August 16, 1952, Henry Nuhn and his wife were awakened by George Nuhn who inquired of Henry when he was going to vacate the house where he was residing.

Later, during the same night, the defendant, who resided on the ranch wherein the alleged assault was committed, sought entrance to Henry Nuhn's house and upon being admitted made the remark that he was there to clean house. The defendant thereupon started toward Oney Nuhn in a threatening fashion. Oney Nuhn picked up a .22 rifle and attempted to repel the defendant with the butt of the rifle. The defendant took the rifle away from Oney Nuhn and turned it upon her and shot her. The defendant then declared, ''I'll get all of you.'' Henry Nuhn then picked up a shot gun and fired it at a close range toward the defendant, inflicting upon him a serious but not fatal wound.

The defendant, after falling to the floor, arose and went out of the house and proceeded to another building where he got a 30-40 rifle. In the meantime Henry Nuhn helped his wife, by putting her and the child in an automobile, and started to drive toward town in search of medical aid.

Sam Shepard attempted to dissuade the defendant from using the 30-40 rifle but was pushed aside by the defendant who said, ''he'd get them.'' Whereupon defendant went out of the building and fired upon the automobile which was being driven by Henry Nuhn in which were Oney Nuhn and their child. The bullet hit the automobile and exploded. There is evidence that particles of the bullet struck Henry Nuhn and the child.

The state elected to rely upon its evidence of the assault occurring when defendant discharged the 30-40 rifle at Henry

and Oney Nuhn when they were departing from the ranch home they were occupying. The claimed assault tending to show that Oney Nuhn was shot by defendant with a .22 rifle was not involved and the jury was so instructed.

Gus Klentworth, a deputy sheriff, testified that on the morning after the fracas above described he went to the ranch and while there found, among other things, a 30-40 rifle leaning against the building to which the defendant went to get said rifle after being shot; that the stock and breach of the gun were covered with blood. He also found a 30-40 cartridge case on the ground and an examination of the gun revealed a cartridge in the barrel and one in the chamber.

Testimony of Dr. Sion F. Sherell was given which showed that he had treated the defendant for the wounds defendant sustained as a result of the shot fired by Henry Nuhn; that it was two and a half hours after the defendant was wounded before he saw him; that at the time he made the initial examination of the defendant, he talked intelligently and answered questions in an intelligent manner. Some effort was made in the brief and argument to indicate that defendant, as a result of his wounds, went into a state of immediate shock and thus was unable to have the intent necessary to commit the crime with which he was charged. The record does not justify us to come to any such conclusion. The fact that he went after the 30-40 rifle after being shot, and then pushed aside the witness Shepard who attempted to stop him from using the gun to carry out his express desire, ''I'll get them,'' discourages the possibility that shock was present. This is especially true when two and one-half hours after he was shot his attending physician found the defendant to be in ''moderate'' shock and further testified that there was no particular rule about shock; that where it may immediately affect one person it would not affect another.

The question of whether or not appellant had the requisite intent to kill was one for the jury to be decided from all the evidence presented relevant to the point. We find no legal

reason, from an examination of the record, to disturb its finding on this point.

Other theories advanced by the defendant are as follows: That the shot fired at the moving automobile was an accident and that the shot was fired in self defense.

These theories, in view of the record presented on appeal, are wholly without merit. If the theories presented a defense at all in the instant case, they were resolved by the jury and will not be disturbed upon appeal since there is substantial evidence to support the findings of the jury. See State v. Broell, 87 Mont. 284, 286 Pac. 1108; State v. Neely, 90 Mont. 199, 300 Pac. 561.

The appellant's last contention is that the court erred in refusing to allow the following instruction to be given to the jury, viz: ''If you are not satisfied beyond a reasonable doubt that the defendant discharged the firearm with the intent to kill Henry and Oney Nuhn, or either of them, but that the same was accidentally discharged, then your verdict shall be in favor of the defendant.''

The court did instruct the jury as follows: ''You are instructed that if you find from the evidence beyond a reasonable doubt that the Defendant did wilfully and wrongfully fire and discharge a rifle at Henry Nuhn and Oney Nuhn, or either of them, with the intention on the part of him, the said Defendant, to kill the said Henry Nuhn and Oney Nuhn, or either of them, then you should find the Defendant guilty.'' And: ''You are instructed that if you believe from the evidence that the gun of the defendant, at the time of the alleged assault, was accidentally discharged, then you shall find the defendant not guilty.''

The refusal of the trial court to give the requested instruction is not error because the instruction, even if we assumed it to be legally accurate, was adequately covered by the instructions which were given and the rights of the defendant were fully protected. State v. Messerly, 126 Mont. 62, 244 Pac. (2d) 1054; State v. Bosch, 125 Mont. 566, 242 Pac. (2d) 477.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, ANGSTMAN and FREEBOURN, concur.