THE STATE OF MONTANA, Plaintiff and Respondent,

v.

SHELDON S. PANKOW, Defendant and Appellant.

No. 9804.

Submitted July 1, 1958. Decided Dec. 29, 1958.

As Amended Dec. 30, 1958. Rehearing Denied Feb. 1, 1959.

333 Pac. (2d) 1017.

520

John W. Bonner, Helena, argued orally for appellant.

Forrest H. Anderson, Atty. Gen., Richard V. Bottomly, County Atty., Great Falls; Thomas J. Hanrahan, Helena, argued orally, for respondent.

MR. JUSTICE CASTLES:

On January 24, 1957, Sheldon S. Pankow, a member of the United States Air Force at Great Falls, was convicted of involuntary manslaughter by verdict of a jury. A motion for new trial was denied and Pankow was sentenced to a term of three years in the State Penitentiary. This appeal is brought from both the judgment and the order denying the motion for new trial.

The charge arose out of a tragic auto wreck which occurred between Neihart and Monarch the evening of May 23, 1956. Pankow was driving his late model Ford automobile with Violet Haagenson sitting at his side in the front seat. Judy Overton and Clyde Hagen were sitting in the rear. At the time the Pankow car left Neihart it was third in a group of three cars. Shortly after leaving town, Pankow, the defendant herein, passed the other two cars and as he did so came upon a turn to the right. This caused him to get to his left hand side of the road. He never got his car back to the right side of the highway. The car skidded, ran over the left edge of the road,

down an embankment some 19 feet high, rolled, tossed and tumbled 280 feet across a rock flat, and came to rest on its side in Belt Creek which runs parallel to the highway at that point. Pankow was the sole survivor.

The appellant sets out a number of specifications of error, but in passing we must comment that they are not set out as required by subdivision 3 of Rule X of the Rules of this court. However, we have laboriously searched the record for all possible error suggested by appellant's brief. For the purpose of this opinion, we choose to group them generally as follows: (1) Is the evidence sufficient to sustain the verdict? (2) Were remarks by the trial court prejudicial? (3) Were proper instructions given or did the court commit error in refusing to give proper instructions?

Occupants of the other two cars which had been passed by the ▮ Pankow car just before the accident placed the speed of the Pankow car in a wide range from 60 to 85 miles per hour. Most of these witnesses saw the car from the time it passed them until it went over the edge of the embankment. One of the State's exhibits is a picture showing a 300-pound boulder on the flat between the road and creek which was moved about twelve feet by the impact of the car. Testimony from the investigating officer of the Highway Patrol with regard to a 250-foot skid mark made by the Pankow car indicated that it was his opinion that it was a "high speed" mark. He also said he had driven the curve in question many times at 60 miles per hour without feeling unsafe. Pankow testifying in his own behalf placed his speed at 58 to 60 miles per hour.

Pankow testified that he was familiar with the road between Monarch and Neihart. Miss Haagenson lived in Monarch and Pankow testified that the pair were engaged to be married so, as he testified, he had frequent occasion to drive between the two towns. Surely from this evidence, the jury was entitled to conclude that Pankow deliberately drove his car around the curve at a speed which he must have known was dangerous to human lives, those of himself and his passengers. This is criminal negli-

gence exemplified. State v. Powell, 114 Mont. 571, 138 Pac. (2d) 949; State v. Souhrada, 122 Mont. 377, 204 Pac. (2d) 792.

The defense argues that the evidence in the record shows that a tire failure on the left front wheel caused the accident. This is in accord with the testimony of Pankow who said that the air left the tire and thereafter he could not steer. Both front tires were found to be flat after the car came to rest in Belt Creek and the left front tire had a large gash in it. Appellant assigns the 250-foot skid mark to the dragging of the flat left front tire.

With the issue squarely before them, the jury found a verdict of guilty and thereby rejected the theory of the defense. There is evidence that the skid mark was made by the wheels on the right side of the car and that the gash was probably cut by some sharp object after the car left the road. Being based on substantial evidence, the finding of the jury will not be overturned by this court. State v. Peschon, 131 Mont. 330, 310 Pac. (2d) 591.

Appellant further contends that the record shows that Pankow, contrary to the charge of criminal negligence, exercised due care at the time he attempted to pass the other two cars in the caravan. There is evidence tending to substantiate this position but the jury did not accept it. The jury is at liberty to pick and choose which of the witnesses it will believe in the absence of such extraordinary circumstances as to make their verdict obviously the product of misunderstanding or prejudice. That is not the case here. Therefore the verdict must stand. State v. Alexander, 131 Mont. 97, 307 Pac. (2d) 784; State v. Gunn, 85 Mont. 553, 281 Pac. 757.

As to the first general grouping of alleged error, we find no merit.

The appellant asserts that remarks of the trial court were prejudicial to the rights of defendant. The remarks complained of were as follows:

"Q. Now, you said the Pankow car passed you, isn't that correct? A. Yes.

"Q. And he must have been going faster than you, isn't that correct? A. Yes.

"Mr. Bretz: That is objected to as leading.

"The Court: I don't think there is any question about him going faster. (Laughter)"

The appellant asserts that the foregoing was a prejudicial comment on the evidence of speed by the court. The remarks are taken from the context of a line of interrogation in which the obvious facts were that one car passing another must be going faster. The court did not say or imply that defendant was going at an excessive rate of speed nor did he decide a jury question. Mr. Bretz, the then attorney for the defendant, did not object in any manner. It is not clear from the record who laughed or why. We can only observe that had any prejudicial error been sought to be saved, objection should have been made at the time by some means.

We find no merit in the second general grouping of alleged error.

The appellant next claims error in the failure of the trial court to give several of his offered instructions to the jury. The appellant in his brief says: "It is impossible from the Bill of Exceptions herein to ascertain what Instructions were offered by the State and which of any such offered instructions were objected to by appellant." The appellant then says: "This constitutes an error, a defect and oversight in the Bill of Exceptions and at this stage prevents the appellant from having a fair consideration of his appeal in this regard."

We can only comment that the responsibility for the preparation of the bill of exceptions lies with the appellant. R.C.M. 1947, sec. 94-7507; Supreme Court Rules VI and VII. The then attorney for the defendant presented the bill of exceptions and prayed that the same be signed, settled and allowed. Such was done. The appellant will not now be heard to complain that his own bill of exceptions is not accurate. R.C.M. 1947, sec. 94-7201, subd. (4). These same considerations render it useless to discuss the error assigned in giving Instruction No. 12.

The appellant contends that the court erred in not giving defendant's proposed Instruction No. 2, which read as follows:

"In order to find the defendant guilty, the prosecution must prove all of the following:

"1. That the defendant owed a duty to the deceased to take care;

"2. That the defendant failed to discharge that duty;

"3. That the failure of the defendant to discharge that duty, caused the death of the deceased;

"4. That the failure of the defendant to discharge the duty was such as to amount to criminal negligence.

"If the prosecution fails to prove each and every one of these essential elements, you must acquit the defendant."

In the instant case there is no question raised with regard to the duty imposed on Pankow since neither the State nor the defense contend that the persons killed were not passengers in the car driven by Pankow. This is sufficient to establish the duty as a matter of law. Hornbeck v. Richards, 80 Mont. 27, 257 Pac. 1025. The second, third and fourth subdivisions of this tendered instruction were adequately covered in other instructions so no prejudicial error resulted from the failure to give them. State v. Kendrick, 127 Mont. 403, 406, 265 Pac. (2d) 201, and cases cited therein. This applies with equal force to defendant's offered Instructions No. 18 and 19 dealing with unavoidable accident and sudden emergency, subjects adequately covered by Instructions No. 26 and 27, given.

The appellant cites as error the failure of the court to charge the jury with his proposed Instructions No. 3 and 5 which, so far as are material, read:

"Instruction No. 3. * * * you must be satisfied beyond a reasonable doubt that the defendant was guilty of criminal negligence, which means wilfull intent upon his part to perform an unlawful act, and that such wilfull intent to commit such unlawful act was the proximate cause of the deaths of the deceased persons."

"Instruction No. 5. Criminal negligence is defined as negligence committed by one's own free will and with evil intent, which acts violate the law."

The appellant urges that these two instructions were approved by this court in State v. Strobel, 130 Mont. 442, 304 Pac. (2d) 606.

Much confusion has been caused the bench and the bar by this court's discussion of criminal negligence in an involuntary manslaughter case in State v. Strobel, supra. Insofar as that case would seem to add the requirement of a willful or evil intent as an element of involuntary manslaughter, we hereby overrule the holding on that point in that case.

In State v. Souhrada, supra, 122 Mont. 377, 386, 204 Pac. (2d) 792, 797, a case in which the evidence showed that the defendant was driving while intoxicated, the defendant objected to the giving of an instruction advising the jury that intent is not an element of involuntary manslaughter. This court said: "The giving of such instruction did not constitute error, for, in this prosecution for involuntary manslaughter, *the issue is one of criminal negligence rather than of intent.*" Emphasis supplied.

In the instant case, the court gave instruction in the statutory language of R.C.M. 1947, sec. 94-2507. At the trial, the jury requested additional instructions on the meaning of the statutory term "without due caution or circumspection" as used in section 94-2507. The attorneys for both the State and the defense stipulated and agreed that the definition contained in State v. Powell, 114 Mont. 571, 138 Pac. (2d) 949, might be given. This supplementary instruction read:

"You are instructed that an act or acts to be without due caution or circumspection must be aggravated, culpable, gross or reckless, such a departure from the conduct of an ordinarily prudent or careful man under the same circumstances as to be incompatible with a proper regard for human life, or in other words a disregard for human life or an indifference to consequences."

The Powell case, supra, established that "criminal negligence" and "lack of due caution or circumspection" have the same meaning. It is immediately apparent that the stipulated definition above is not compatible with the dependant's proposed Instructions No. 3 and 5. It is equally apparent as previously said that willful or evil intent is not a requirement for involuntary manslaughter.

The appellant next contends that the court erred in refusing to give defendant's offered Instruction No. 9, reading as follows:

"You are instructed to render a verdict of not guilty in favor of the defendant in this action, as from the evidence it appears that the death of the deceased persons was not the result of an act or acts of the free will and with evil intent upon the part of the defendant."

As previously discussed, this instruction is not a correct statement of the law.

Having considered the errors claimed by the appellant and examined the transcript, we find no prejudicial error.

The judgment is affirmed.

MR. JUSTICES ADAIR and ANGSTMAN, concur.

MR. JUSTICE BOTTOMLY and MR. CHIEF JUSTICE HARRISON did not participate in this opinion.