The STATE OF MONTANA, Plaintiff and Respondent, v. JAMES B. PORTER, a/k/a R. L. GRAHAM, a/k/a JIMMY PORTER, Defendant and Appellant.

No. 11697.

Submitted Dec. 9, 1969.

Decided Dec. 30, 1969.

(This case reheard and remanded March 18, 1970. See 155 Mont. 446 P.2d 905)

For appellant: Charles E. Marshall argued, Lewistown, Montana. Berger, Anderson and Sinclair, Billings.

For respondent: Hon. Robert L. Woodahl, Attorney General, Helena, Montana; Robert P. Gannon, Assistant Attorney Geneal, argued, Helena, Montana; William A. Spoja, Jr. appeared, County Attorney, Lewistown, Montana; Neil Haight, former County Attorney, appeared, Lewistown, Montana.

MR. JUSTICE FRANK I. HASWELL delivered the Opinion of the Court.

Defendant was convicted of the crime of knowingly making a false written statement of his financial condition to a bank for the purpose of procuring a loan. Judgment was entered on the jury verdict in the district court of Fergus County by the Hon. LeRoy L. McKinnon, district judge. Defendant appeals from the final judgment of conviction.

The information filed by the county attorney on February 27, 1969, accused the defendant, James B. Porter also known as R. L. Graham and Jimmy Porter, "of the crime of FELONY—False statement respecting financial condition contrary to Sec. 94-1803 R.C.M. 1947". The specifics of the charge were that on December 9, 1966, the defendant "did knowingly make a false statement in writing to the First National Bank of Lewistown, Montana, respecting his own financial condition, for the purpose of procuring a loan for his own use from the

said First National Bank". The particulars in which defendant's financial statement was alleged to be false were: (1) Listing a homestead valued at $2000 less $1500 incumbrance thereon; (2) Stating that defendant had "never borrowed"; and (3) Failing to list outstanding liabilities in excess of $400.

The defendant plead "not guilty" to the charge and the case came on for jury trial in the district court of Fergus County in Lewistown on March 18, 1969. Defendant was found guilty and subsequently sentenced as a prior felon to 6 years imprisonment in the state prison by Judge McKinnon.

. The general factual background of this case indicates that during the months of November and December, 1966, the defendant operated an advertising business. On December 9 he made an application to the First National Bank of Lewistown for a loan in the amount of $800 for the purpose of purchasing or leasing a Watts line from the telephone company which would entitle him to unlimited long distance telephone service at a fixed monthly charge. Prior to making this application for a loan the defendant had prepared a list of all of his assets with their estimated value, together with a prospectus of his present and anticipated earnings for the months of November and December, 1966. This list of assets and the prospectus were delivered by the defendant to the bank at the time defendant applied for his loan.

Defendant discussed the loan with D. A. McRae, a vice-president of the bank. During the course of the discussion information concerning defendant's financial situation was secured from defendant by McRae. According to the state, McRae prepared a personal financial statement on defendant on the basis of this information which defendant signed at that time. Defendant contends that he signed the personal financial statement form in blank and that McRae filled it in later incorrectly. In any event, at the conclusion of McRae's

interview with defendant, defendant was granted the requested loan of $800.

The loan to defendant became delinquent at maturity on April 9, 1967. It has never been repaid.

Defendant lists three issues upon this appeal which in our view can be reduced to a single inquiry—the sufficiency of the evidence to support the conviction.

The gist of defendant's argument on appeal is that there was insufficient evidence to prove (1) any false statement by defendant in his application for the loan, or (2) any reliance by the bank upon the alleged false statement of defendant. Defendant argues that the evidence presented raised a reasonable doubt concerning defendant's guilt of the crime charged thereby entitling him to an acquittal.

The statute under which defendant was charged is section 94-1803, R.C.M. 1947, providing in pertinent parts as follows:

"Any person who * * * (1) Shall knowingly make a false statement in writing to any person, firm or corporation engaged in banking * * * respecting his own financial condition, * * * for the purpose of procuring a loan * * * from the person, firm or corporation to whom such false statement is made, * * * for his own use * * * is punishable * * *"

Under this statute the material elements of the offense which the state must prove beyond a reasonable doubt in this case are: (1) a false statement in writing by defendant (2) to the bank (3) respecting defendant's own financial condition (4) knowingly made (5) for the purpose of procuring a loan (6) for defendant's own use (7) from the bank to whom the statement was made.

Let us first examine the evidence in the light of defendant's contention that there was insufficient evidence to prove any false statement by defendant in his application for a loan. At the trial state's exhibit A admitted in evidence was defendant's personal financial statement filled in by McRae and

signed by defendant. Such financial statement listed under "Schedule of Real Estate Owned" a homestead at Grass Range of a value of $2000 encumbered for $1500 payable at the rate of $30 monthly to Myrtle Fleharty. She was called as a witness at the trial and testified that at one time defendant rented the house from her and her son, the owners, for $30 monthly; but at no time had defendant ever bought it or entered into any agreement with them to buy it. In the same exhibit under the title "Give Names of Banks and Other Firms Where Credit has been Obtained" appears the notation liabilities were listed as totaling $250. The state introduced testimony of several witnesses indicating that in reality defendant was currently indebted over $700 at the time he applied for the loan and that he had previously obtained credit from several businesses. Thus there is an abundance of substantial credible evidence, both oral and documentary, on which the jury could rely in establishing defendant's false statement beyond a reasonable doubt.

Let us next examine defendant's claim that the evidence does not prove any reliance by the bank on any of his false statements in making the loan which are set forth in the preceding paragraph. Assuming, arguendo, that such reliance is a material element of the crime with which defendant is charged, there is substantial credible evidence in the record indicating such reliance.

The following testimony of McRae, the bank official who made the loan, illustrates such reliance:

"Q. What were the factors you considered now in granting this loan? . A. Well, the presentation was good and it showed a good method of repayment for the loan, indicated that family connections in the area were good, was a resident of Grass Range, was purchasing a house in Grass Range, and the financial statement indicated that he didn't owe too much money, and that there was more than adequate security in case the business as represented didn't prove successful. There was

more than ample security to repay the loan from the information he gave.

"Q. What part of this consideration did the financial statement play? A. Well, in evaluating the loan, of course, we look at the financial statement to try to determine if he does have some net worth, which this indicated, and it also showed he had relatively little debt and there was nothing derogatory in the financial statement about any past due accounts or anything like that, so on the basis of the financial statement, why it appeared that it was a good credit risk.

"Q. Did this financial statement then have a definite influence one way or the other in your granting the loan? A. Yes.

"Q. In which manner did it affect it? A. Well, for granting the loan."

Finally, defendant contends that the evidence here at least creates a reasonable doubt as to his guilt entitling him to an acquittal. Not so. It is the jury's duty to consider all the evidence presented in the case and to choose which of the witnesses to believe and the weight to be given each witness' testimony. State v. Medicine Bull, 152 Mont. 34, 445 P.2d 916, 25 St. Rep. 648; State v. Pankow, 134 Mont. 519, 333 P.2d 1017. This the jury did and having been properly instructed on the meaning of "reasonable doubt", decided that defendant was guilty of the crime charged beyond a reasonable doubt.

Upon appeal, after verdict and judgment of conviction, if there is substantial evidence beyond a reasonable doubt in support thereof, such verdict and judgment will not be disturbed. State v. Bouldin, 153 Mont. 276, 456 P.2d 830, 26 St. Rep. 403, and cases therein cited. Such is the case here.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES and JOHN C. HARRISON, concur.