No. 12830

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

-------------------

THE STATE OF MONTANA,

                Plaintiff and Respondent,

-vs-

LULU SMITH, a/k/a LULU MATTE,

                Defendant and Appellant.

-------------------

Appeal from:  District Court of the Second Judicial District,
           Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

    For Appellant:

        Mark P. Sullivan argued, Butte, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        John F. North, Assistant Attorney General, argued,
        Helena, Montana
        Gary Winston, County Attorney, appeared, Butte,
        Montana

-------------------

Submitted: September 12, 1975

Decided: SEP 26 1975

Filed:

*Thomas J. Kearney*
                    Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendant, Lulu Smith, from a judgment of conviction of the crime of manslaughter entered in the district court, Silver Bow County.

On April 14, 1973, the Parker Singers, an Indian singing group, including Martin Standing Rock and three of his relatives, left the Rocky Boy Reservation, near Havre, and journeyed to Butte to perform at a Pow Wow. After the Pow Wow, the men went to a Butte bar where they met several Indian women from Butte, including defendant, and were invited to a party at the home of one of the women. After a night of partying and drinking, an altercation took place about dawn, ending with the men and women arguing and fighting outside in the street. The result of this altercation was one man with a stab wound in the leg and another, Martin Standing Rock, dead from a stab wound in the chest.

The defendant was charged with manslaughter and entered a plea of self-defense to the charge. About an hour after the act, defendant gave a statement to the county attorney. At a later date she testified she was intoxicated, shaken and in shock at the time of this statement.

At the trial, the State's witnesses testified the deceased had not provoked the attack. Defendant contradicted this testimony, claiming that due to the size and drunken condition of the deceased, she was doing what she had to do to defend herself.

The jury returned a verdict of guilty and defendant received a five year sentence, with three years suspended, from which she now appeals.

On appeal defendant contends: (1) that the district court improperly allowed the State to impeach her testimony by means of a prior inconsistent statement taken shortly after the stabbing;

- 2 -

(2) that the district court erred in allowing the State to impeach the testimony of a 15 year old witness with prior inconsistent statements; and (3) the propriety of the district court in refusing to give defendant's proposed instruction on self-defense was questioned.

In the course of the trial, as part of the State's cross-examination of defendant, the prosecutor referred to statements made by the defendant while being questioned by the county attorney about an hour after the incident. Defendant argues the court improperly allowed the State to introduce these prior inconsistent statements because the State failed to show the statements were voluntary. Defendant alleges the statements were not voluntary because she was intoxicated and in a state of shock at the time of making the statements. She also contends that she did not voluntarily waive her Miranda rights before giving the statements.

This Court has stated that it is unnecessary to establish a foundation of voluntariness for a prior inconsistent statement if the statement is being introduced only to impeach the witness and is not entered as substantive evidence in the State's case in chief. State v. Quilliam, 108 Mont. 68, 88 P.2d 53. In Quilliam at pages 72-73 this Court held:

> " * * * The statement here, sufficient as a confession, was introduced, not as a confession but for the purpose of laying a foundation for impeaching the witness. For that purpose the same foundation need not be laid as in the case where a statement is introduced as a confession. We need not decide here the question of inducement, as for the purpose of impeachment the statement would be admissible even though it were based on such inducement as would make it inadmissible as a confession."

See also, Curry v. United States, (2nd Cir.) 358 F.2d 904, cert. den. 385 U.S. 873, 17 L Ed 2d 100, 87 S.Ct. 147; State v. Osbey, 213 Kan. 564, 517 P.2d 141; Small v. State, (Tex. Crim.App.) 466 S.W.2d 281.

The sufficient foundation for the introduction of prior

inconsistent statements for impeachment purposes is set forth

in section 93-1901-12, R.C.M. 1947, as follows:

> "A witness may also be impeached by evidence
> that he has made, at other times, statements in-
> consistent with his present testimony; but before
> this can be done the statements must be related
> to him, with the circumstances of times, places,
> and persons present, and he must be asked whether
> he made such statements, and if so, allowed to
> explain them. * * *"

This Court, in interpreting the predecessor statute

(section 8025, R.C.M. 1907) stated in State v. Gaimos, 53 Mont.

118, 127, 162 P. 596:

> "Our statute * * * prescribes that before a witness
> can be contradicted as to statements made, the
> circumstances of time, place, persons present and
> language used must be mentioned to the witness
> sought to be impeached * * *."

See also, Spurgeon v. Imperial Elevator Co., 99 Mont. 432, 43

P.2d 891.

As stated in the last clause of section 93-1901-12, the

witness is allowed to explain the prior statements so as to pre-

vent injustice by giving him or her an opportunity to explain the

apparent inconsistency. State v. Board, 135 Mont. 139, 337 P.2d

924; State v. Heaston, 109 Mont. 303, 97 P.2d 330; State v. Keays,

97 Mont. 404, 34 P.2d 855.

The record shows that the State followed the requirements

of section 93-1901-12 providing sufficient foundation for intro-

ducing the prior inconsistent statements.

Once the prior inconsistent statements are properly in-

troduced into evidence, this Court has said in State v. Peterson,

102 Mont. 495, 499, 59 P.2d 61:

> " * * * the extent to which impeaching evidence
> impaired the credibility of a witness assailed
> is a question exclusively for the jury." * * *

See also, Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308; State

v. Duncan, 82 Mont. 170, 266 P. 400.

Defendant also contends her prior statements are

inadmissible because she had not waived her right to counsel before giving the statements. In two recent cases, the United States Supreme Court has held that prior inconsistent statements which are inadmissible in the prosecution's case in chief, due to failures under the Miranda rules, are admissible to impeach the defendant's credibility on matters not collateral to the issues of the case. In Harris v. New York, 401 U.S. 222, 28 L Ed 2d 1, 4, 5, 91 S.Ct. 643, Chief Justice Burger stated:

> " * * * The impeachment process here undoubtedly provided valuable aid to the jury in assessing petitioner's credibility, and the benefits of this process should not be lost, in our view, because of the speculative possibility that impermissible police conduct will be encouraged thereby. Assuming that the exclusionary rule has a deterrent effect on proscribed police conduct, sufficient deterrence flows when the evidence in question is made unavailable to the prosecution in its case in chief."

The Chief Justice went on to say:

> "The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances."

In Oregon v. Hass, _____U.S._____, 43 L Ed 2d 570, 95 S.Ct. _____, Mr. Justice Blackmun reaffirmed the language in Harris and stated:

> "We are, after all, always engaged in a search for truth in a criminal case so long as the search is surrounded with the safeguards provided by our Constitution. * * *"

We find the prior inconsistent statements were properly admitted at the trial.

The defendant contends the district court erred in not submitting the entire prior statement to the jury.

As a general rule:

> "Where a portion of a statement previously made by the witness and apparently inconsistent with his present testimony has been introduced to impeach such witness, the entire statement is admissible in rebuttal. * * *" 98 C.J.S. Witnesses § 622, page 636.

The record shows that defendant's counsel introduced on

- 5 -

redirect those portions of her prior statement which he deemed relevant to rehabilitate her.

We find that the district court properly allowed the State to impeach defendant's testimony by means of prior inconsistent statements.

Defendant also contends the district court erred in allowing the State to impeach the testimony of a minor witness with her own inconsistent statements given to the county attorney shortly after the incident without the minor being advised of her constitutional rights.

Defendant relies on the United States Supreme Court cases of In re Gault, 387 U.S. 1, 18 L Ed 2d 527, 87 S.Ct. 1428, and Gallegos v. Colorado, 370 U.S. 49, 8 L Ed 2d 325, 82 S.Ct. 1209, 87 ALR2d 614, to argue that the statements of minors cannot be voluntarily given without counsel present. The Supreme Court did not automatically make statements of a minor involuntary and inadmissible due to lack of counsel, but stated extra care must be exercised to assure the statement was voluntary. In re Gault at 18 L Ed 2d 527, 561. The Gallegos case can be distinguished from this case in that the confession of the actual defendant was involved.

Furthermore, the United States Supreme Court, the Ninth Circuit Court of Appeals, and this Court have held that as a general rule, a defendant does not have standing to raise the question of the violation of another person's personal constitutional rights (which include those granted by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution) and thereby obtain exclusion of the evidence gathered. Alderman v. United States, 394 U.S. 165, 22 L Ed 2d 176, 89 S.Ct. 961; Tileston v. Ullman, 318 U.S. 44, 87 L.Ed 603, 63 S.Ct. 493; Dearinger v. Rhay (9th Cir.) 421 F.2d 1086; State v.

- 6 -

Braden, 163 Mont. 124, 515 P.2d 692.

The district court was correct in permitting the State to impeach the witness' testimony by her prior inconsistent statements.

Defendant argues that the district court erred in refusing to give her proposed instruction.

Defendant's proposed instruction reads:

"You are instructed that in a case where a defendant is charged with manslaughter and interposes the defense of self-defense you may take into consideration any evidence of any prior assault upon the defendant by the deceased for the purpose of aiding you in determining who was the aggressor at the time of the homicide, the state of mind of the deceased at the time of the homicide, and whether or not there was apparent danger to the defendant at the time of the homicide of being killed or receiving great bodily injury at the hands of the deceased." (Emphasis added)

The district court refused the proposed instruction on the grounds that it was an improper statement of the law as applied to the facts of the case. The Court interpreted the words "prior assault" as meaning an assault by the deceased upon the defendant at some time earlier than the series of events which led to the stabbing of Martin Standing Rock. The conventional meaning of the word "prior" may be shown by Webster's New International Dictionary, 2nd edition, where it is defined at page 1968 as:

"Preceding in order of time; earlier and therefore taking precedence; previous" (Emphasis added)

"Previous" is defined at page 1960 as:

"Going before esp, in time; earlier; preceding"

The reference to a "prior assault" would thus be confusing to the jury.

Defendant maintains the refusal to give her proposed instruction number 25 was greatly prejudicial to arguing the defense strategy to the jury. The district court did not give

three instructions setting out the general rules of self-defense, informing the jury that the defendant was acting in self-defense if she reasonably believed that the deceased intended to take her life or do her great bodily harm. This Court held in State v. Porter, 143 Mont. 528, 539, 391 P.2d 704, that a special instruction regarding self-defense was not necessary since the general self-defense instruction indicating that defendant should be held blameless if a reasonable man would have been justified in acting as defendant did under the circumstances as they appeared to the defendant:

> " * * * gave the defendant ample opportunity to expound to the jury his theory concerning the legal effect of the disparity in age, strength and physical condition between the defendant and his victim. * * *"

Where the jury is adequately instructed no error occurs for failure to give a party's proposed instruction which is already covered because the jury, being fully instructed, the attorney for the defendant has a full opportunity to argue the merits of the defense.

In State v. Lagge, 143 Mont. 289, 295, 388 P.2d 792, we stated:

> "We have often held that it is not error for a trial court to refuse to give a requested instruction, or by implication a portion thereof, if the instruction's legal theory was adequately covered by the instructions that were given and as long as the rights of the defendant were fully protected. State v. Kendrick, 127 Mont. 403, 406, 265 P.2d 201."

The district court did not err in refusing the instruction.

The judgment of the district court is affirmed.

_____
                Chief Justice

- 8 -

We concur:

_Wesley Castles_

_John Conway Harrison_

_Frank I. Haswell_

_Gene B. Daly_

Justices