No. 12534

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

THE STATE OF MONTANA,

                Plaintiff and Respondent,

-vs-

FRANK D. LEWIS,

                Defendant and Appellant.

Appeal from: District Court of the Third Judicial District,
           Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Knight, Dahood, Mackay and McLean, Anaconda, Montana
        Wade J. Dahood argued, Anaconda, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
          Montana
        James Walsh argued, Assistant Attorney General,
          Helena, Montana
        James J. Masar appeared, County Attorney, Deer Lodge,
          Montana

Submitted: February 3, 1976

Decided: FEB 2 1976

Filed: FEB 2 1976

*Thomas J. Kearney*
                 Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant Lewis, formerly superintendent of schools, School District Number One at Deer Lodge, was convicted in a jury trial of three counts of embezzlement by a public officer. He was sentenced to one year in prison on each count, with the sentences suspended. Lewis appeals, challenging the sufficiency of the evidence to support the convictions, and charging the district court abused its discretion in refusing to grant defendant a change of place of trial.

Defendant was superintendent of schools in Deer Lodge from 1964 to April 1970. Soon after commencing his duties there, he assumed virtually complete control of the school district's activity fund, a function formerly handled by a school secretary. In December 1970, defendant was charged by Information in the district court of Powell County with thirty-two counts of embezzlement by a public officer, under section 94-1501, R.C.M. 1947. The charges arose from certain checks written by defendant on this activity fund.

Prior to trial, defendant moved for a change of place of trial pursuant to section 95-1710, R.C.M. 1947, alleging that he could not be tried by a fair and impartial jury in Powell County. The affidavit accompanying the motion stated that Lewis had improvidently pled guilty to criminal charges in another school district related case and the resulting publicity in Powell County had created a fixed opinion of defendant's guilt so that a fair and impartial jury could not be secured there. In addition, defendant and his counsel stated in their affidavit that due to the small population of Powell County, it would be almost impossible to secure twelve jurors who were not related to or acquainted with the large number of witnesses to be called by the prosecution. At the hearing on this motion, defendant produced a petition

circulated in Powell County and signed by two hundred and one citizens which stated that in the opinion of the signatories, defendant could not receive a fair and impartial trial in Powell County.

The motion was taken under advisement while the voir dire examination of a number of prospective jurors was conducted. Thereafter defendant renewed his motion for change of place of trial and the district court denied it.

Following dismissal of many of the counts in the Information due to the statute of limitations, defendant was tried on seven counts of embezzlement by a public officer. He was convicted on three, relating to checks written on the school district activity fund: (1) a check for $311.85 to Northwest Airlines for personal business; (2) a check for $200 as a loan to a school employee; and (3) a check for $300 to the same employee as another loan. The district court, Hon. Nat Allen, district judge presiding, denied defendant's motions for judgment notwithstanding the verdict and for a new trial, and entered judgment on the verdict February 13, 1973.

Defendant raises three specific issues on appeal:

(1) Is the evidence sufficient to sustain a conviction for embezzlement by a public officer?

(2) Did defendant have the requisite intent to commit the crime of embezzlement by a public officer?

(3) Did the district court abuse its discretion when it refused to grant defendant a change of place of trial?

With respect to the first two issues, we note that defendant was charged under former section 94-1501, R.C.M. 1947, which stated in pertinent part:

> "Embezzlement by pubic officer. Every officer of this state, or of any county, city, town, or district of this state, and every other person

Charged with the receipt, safekeeping, transfer
or disbursement of public moneys, who either --

"1. Without authority of law, appropriates the
same, or any portion thereof, to his own use, or
to the use of another; or

"2. Loans the same, or any portion thereof, ex-
cept by deposits in the manner authorized by law,
or having the possession or control of any public
money, makes profit out of it, or uses the same
for any purpose not authorized by law; or

"3. Fails to keep the same in his possession or
under his control until disbursed or paid out by
authority of law * * *."

It is conceded that defendant wrote the checks in ques-
tion on the activity fund. The evidence shows that defendant,
entrusted with public moneys in the activity fund, appropriated,
loaned and disbursed portions of those moneys without authority
of law. Defendant's attempts to show reimbursement to the fund
are to no avail, for the statute proscribes the punishable con-
duct without any reference to an intent to make restitution. The
general rule is stated in 26 Am Jur 2d Embezzlement §20:

"It is well established that when one wrongfully
and intentionally misappropriates the property
of another lawfully in his possession to his own
use, the offense of embezzlement is complete, so
that the fact that he at the same time intends
subsequently to return the property or to make
restitution to its rightful owner does not relieve
his wrongful act of its criminal nature, excuse
him, or make his offense any the less embezzlement.
* * *"

Thus, the evidence was sufficient to support the convic-
tion as a matter of law.

With legally sufficient evidence before it, the jury was
the sole trier of fact. Thus it was within the singular province
of the jury to determine the innocence or guilt of the defendant
under the counts in the Information; State v. Gleim, 17 Mont.
17, 29, 41 P. 998. The jury may decide which witnesses it
chooses to believe, after considering all of the evidence; State
v. Pankow, 134 Mont. 519, 333 P.2d 1017; State v. Medicine Bull,

- 4 -

Jr., 152 Mont. 34, 445 P.2d 916. If substantial evidence is found to support the verdict, it will not be disturbed on appeal; State v. White, 146 Mont. 226, 239, 405 P.2d 761; State v. Stoddard, 147 Mont. 402, 408, 412 P.2d 827.

Defendant's contention that he lacked the requisite criminal intent to commit embezzlement is equally unconvincing. The evidence supports the conclusion he deliberately used public moneys from the activity fund for nonschool purposes without authority of law. The question of intent is a question for the jury; State v. Madden, 128 Mont. 408, 416, 276 P.2d 974; State v. Cooper, 158 Mont. 102, 110, 489 P.2d 99. A verdict supported by substantial evidence which is legally admissible must stand on appeal.

For these reasons, defendant's contentions on the first two issues are without merit.

Defendant urges this Court that he could not and did not receive a fair trial in Powell County, because of community prejudice against him engendered by his publicized guilty plea in another school district related case in the same community. The gist of defendant's argument was expressed by defense counsel when the motion for change of place of trial was renewed during voir dire:

> "MR. DAHOOD: Your honor, I have no doubt that I can select, with the assistance of able counsel for the State of Montana, twelve jurors who will state, under oath, that they are going to be fair, and they are not going to be influenced, but no human mind is perfect, and no human mind can depose itself from the community in which it has been shaped. The influences of that community, consciously or subconsciously, are going to affect the thinking of that particular mind. * * *"

The focus of his argument seems to be that although a seemingly fair and impartial jury might be secured at the outset, community influences arising from an abiding opinion of defendant's guilt would subconsciously affect the jurors and contaminate their verdict.

- 5 -

At the outset, we note that a clear abuse of discretion by the district judge in denying a change of venue is required to support a reversal on this ground. State v. Logan, 156 Mont. 48, 58, 473 P.2d 833, and cases cited therein.

Defendant relies on two cases which he alleges demonstrate that the district court abused its discretion in failing to grant a change of place of trial; State v. Spotted Hawk, 22 Mont. 33, 55 P. 1026; and State v. Dryman, 127 Mont. 579, 269 P.2d 796. As defendant contends, these cases represent the law in Montana with respect to change of place of trial. However, even a cursory reading discloses the vast difference in the facts and circumstances of those cases compared with the instant case. Here, there has been absolutely no showing of the impassioned prejudice existing in Spotted Hawk and Dryman. Further, no prejudicial news media accounts of the crime or trial are involved in this case.

The facts showing prejudice relied on by defendant are: (1) his own affidavit, joined in by his attorney; (2) the circulated petition; and (3) the testimony of several jurors on the panel during voir dire examination.

Defendant's affidavit in support of his motion properly carried little weight in the district court, as it was a mere statement of conclusions. State v. Davis, 60 Mont. 426, 431, 199 P. 421.

The circulated petition, which does not appear in the record, was likewise not deemed controlling by the district court. Not only was it not a sworn document, but it states in part (as set out in defendant's appellate brief):

> "We, the undersigned citizens, of the County of
> Powell, State of Montana, do hereby state that
> in our opinion FRANK LEWIS cannot receive a fair
> and impartial trial in the County of Powell * * *."
> (Emphasis added.)

No facts are shown by this petition, which we believe necessary to move the discretion of the district court. Territory v. Manton, 8 Mont. 95, 103, 19 P. 387; State v. Davis, supra; State v. Bischert, 131 Mont. 152, 157, 308 P.2d 969; State v. Board, 135 Mont. 139, 337 P.2d 924; State v. Barick, 143 Mont. 273, 280, 389 P.2d 170; State ex rel. Hanrahan v. District Court, 145 Mont. 501, 401 P.2d 770; State v. Warrick, 152 Mont. 94, 446 P.2d 916; State v. Logan, supra.

Some of the jurors on voir dire examination indicated they had heard defendant's case discussed in the community and that local opinion on the case was predominantly "one way". The specificity of this testimony falls far short of establishing that a fair and impartial jury could not be empanelled in Powell County to try the instant case. There was some conflict in the jurors' testimony as to which "way" that opinion was pointed. In any event, the district court did not abuse its discretion in deciding that an impartial jury could be formed for defendant's trial in Powell County. We agree with this statement by the United States Supreme Court in Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L ed 2d /756:

751,

> "It is not required, however, that the jurors be totally ignorant of the facts and issues involved. In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."

The district court repeatedly reminded the jurors they must lay aside their impressions and opinions, as did counsel for both

sides.  There is simply no indication that the jury did not render its verdict based solely upon the evidence presented in court.

The judgment of conviction is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 8 -