JUSTICE GRAY,
dissenting.
While I agree with most of the Court’s opinion, I dissent on the issue of the District Court’s denial of Sullivan’s challenge for cause of juror Price. I would reverse on that issue.
I agree with the Court that our standard of review of a district court’s denial of a challenge for cause is whether the court clearly abused its discretion. I disagree, however, with the Court’s statement of the level of juror prejudice which mandates disqualification. The Court relies on Great Falls Tribune v. District Court (1980), 186 Mont. 433, 608 P.2d 116 and State v. Lewis (1976), 169 Mont. 290, 546 P.2d 518. It ignores our recent decision on challenges for cause — State v. Williams (1993), 262 Mont. 530, 866 P.2d 1099 — and in so doing, reaches an erroneous conclusion.
Section 46-16-115(2)(j), MCA, authorizes a challenge for cause of a juror “having a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party.” Here, Sullivan challenged juror Price on that basis after voir dire examination.
The transcript of Mr. Price’s voir dire reflects that Mr. Price first stated he had his mind made up; then, that he really did not know how it would be possible for him to set aside the opinion he had already reached; then, that there was a possibility that he either could or could not put aside everything he had heard; and, finally, that it would be difficult for him to sit on the case with a completely blank mind. At very best, this record establishes Mr. Price’s repeated expressions of concern about his ability to be impartial.
*329 The prosecution followed up by trying to rehabilitate Mr. Price. To a question as to whether — if picked for the jury — he would make his decision based solely on the evidence, Mr. Price responded that “[i]f I sat through this court, I am going to make my decision on what’s in here.” Then, the following two exchanges:
MR. HUDSPETH: You can put what went on beforehand aside?
MR. PRICE: I think I could.
MR. HUDSPETH: Make your best efforts to do that which means you will follow your oath as a juror?
MR. PRICE: Yes.
The best the prosecutor could do with Mr. Price was one firm answer as to making a decision on the evidence, followed by two equivocal answers of the “I think” and “best efforts” mode. Mr. Price ultimately sat on the jury and found Sullivan guilty of four of the charged offenses.
We set forth new standards concerning denials of challenges for cause in Williams just a year ago. Applying those standards here mandates a conclusion that there is a reasonable possibility that the denial of Sullivan’s challenge for cause of juror Price contributed to his conviction.
In Williams, the challenged juror candidly and repeatedly expressed her concern about her ability to be impartial in the case. In the face of those admissions of bias, we determined that the district court’s rehabilitation was, at best, unpersuasive, and that the court abused its discretion in denying the challenge for cause. 866 P.2d at 1102-03. To this point, Williams and Sullivan’s situation are essentially identical, except that here it was the prosecutor’s attempted rehabilitation that was substantially less than persuasive.
We went on in Williams to reject a black-and-white rule that an abuse of discretion regarding a challenge for cause is conclusively prejudicial. Instead, we determined that: (1) where an abuse of discretion occurs in denying a challenge for cause; and (2) the party making the challenge is required to use a peremptory challenge to remove the juror; and (3) the party uses all of his or her peremptory challenges; then (4) a presumption of prejudice arises. Williams, 866 P.2d at 1103. We stated we would balance the presumption against the totality of the circumstances to determine whether the error contributed to the defendant’s conviction. Id. There, the question boiled down to whether, in the face of basically uncontradicted evidence against the defendant, his use of one peremptory challenge to *330 remove the juror who should have been removed for cause — leaving him five instead of six — reasonably could have contributed to his conviction. We concluded that it could not. Williams, 866 P.2d at 1104.
The case before us now mandates a different result. Here, the juror challenged for cause actually sat on the jury. The evidence was not uncontradicted or overwhelming on the offenses charged; indeed, the jury acquitted on two counts. Sullivan used his peremptory challenges on other jurors he was even more concerned about than juror Price, including several he had unsuccessfully challenged for cause. Under these circumstances, I conclude that there is a reasonable possibility that the District Court’s denial of Sullivan’s challenge for cause contributed to his convictions.
We emphasized in Williams that the facts of that case were unique, and that the result in that case should not lead prosecutors or district courts to any false sense of security in future cases. We cautioned trial courts that “when voir dire examination discloses a serious question about a juror’s ability to be fair and impartial, that question should be resolved in favor of excusing that juror.” 866 P.2d at 1104-05. The Court’s failure to apply, or even cite to, Williams in this case essentially nullifies that unanimous decision which less than a year ago changed our approach to questions involving denials of challenges for cause. It also results in a failure to provide Sullivan with a fair trial — which, at its most fundamental level, must surely mean a trial by an impartial jury. I dissent.