STATE OF MONTANA ex rel. THOMAS J. HANRAHAN, RELATOR, *v.* DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK, AND THE HONORABLE JACK D. SHANSTROM, PRESIDING JUDGE, RESPONDENTS.

No. 10950
Submitted April 19, 1965. Decided May 11, 1965.
Rehearing denied May 26, 1965.
401 P.2d 770.

William F. Crowley (argued), Helena, for relator.

Ward A. Shanahan (argued), Arthur P. Acher (argued), Helena, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an original proceeding whereby the relator, the County Attorney of Lewis and Clark County seeks a writ to have this court reverse the district court's order of April 1, 1965, granting a change of place of trial in the criminal case of the State of Montana v. John Nickovich. On the basis of the relator's petition this court issued an order to show cause ordering the respondents to vacate, set aside and hold for naught the order dated April 1, 1965, changing place of trial in cause No. 3350, State of Montana v. John Lee Nickovich, or be and appear before this court at 10:00 A. M. on April 14, 1965, to then and there show cause, if any they have, why they have not done so. A return and a motion to quash were made, briefs were submitted by both sides and the case was argued before this court at 10:00 A. M. April 14, 1965.

The facts are as follows: the Honorable Jack D. Shanstrom was and is the duly appointed, qualified and acting judge of the sixth judicial district and was the district judge who presided at and over the proceedings having been called in by the Honorable Victor Fall who was hearing another case outside Lewis and Clark County. The case having been set for hearing on the day Judge Shanstrom was called it came before him as a duly and regularly set hearing. The facts in the case before Judge Shanstrom were as follows: On February 18, 1965, a complaint was made in the justice court in Helena township, county of Lewis and Clark, State of Montana, before the Honorable A. J. White, Justice of the Peace, by Larry Lytle, chief deputy sheriff of Lewis and Clark County against John Nicko-

vich charging the said John Nickovich with committing the crime of burglary in the first degree on February 17, 1965. A warrant of arrest was issued and John Nickovich was taken into custody. On February 19, 1965, after a motion for leave was granted, an information was filed by the relator against John Lee Nickovich, before District Judge Victor H. Fall, Judge of the first judicial district, County of Lewis and Clark, charging John Lee Nickovich with the crime of first degree burglary committed as follows: "John Lee Nickovich did commit the crime of burglary in the first degree, in that the said John Lee Nickovich did, wilfully, wrongfully, unlawfully, feloniously, intentionally, and burglariously, with the intent in him to commit larceny, during the nighttime, enter into a certain building known as the East Helena Market, located at 4 West Main, East Helena, Montana, in and there the property of Rudolph J. Cvar."

At the time of appearance for arraignment in the district court bond was set in the amount of $1,500 and the defendant having stated to the district court that he was without funds to employ counsel, the court appointed Ward A. Shanahan, Esq., a member of the Bar, to represent the defendant. On February 23, 1965, by order of the district court, the bond was reduced to $500 cash and the defendant was released upon the deposit of the bond. The record does not disclose why the bond was reduced from $1,500 to $500 nor do the attorneys appearing before this court have any knowledge as to why this reduction was made. On March 1, 1965, the cause was set for trial for March 15, 1965. On March 3, 1965, the firm of Rankin and Acher of Helena, Montana, entered the case as co-counsel for the defendant, even though Ward A. Shanahan, Esq., had previously been appointed to defend the defendant as an indigent. On March 9, 1965, a motion for a change of place of trial was filed in the district court by attorneys Rankin, Acher and Shanahan, together with a notice of a motion and a supporting affidavit of Ward A. Shanahan. Also attached to the motion

were copies of a newspaper article, a copy of a text of a radio broadcast, said broadcast being a radio broadcast of David Middlemas, the sheriff of Lewis and Clark County. On March 12, 1965, the motion was heard by Judge Shanstrom, who on that day was presiding, and was taken under advisement on that date and the March 15th trial date was vacated. As previously set forth, on April 1, 1965, an order was entered by Judge Shanstrom granting the motion for a change of place of trial and ordering the records in the case sent to the Clerk of Court of Meagher County, Montana, which was designated as a proper county in which to try the action.

The motion for change of place of trial was supported solely and entirely by the affidavit of appointed counsel Ward A. Shanahan, and the exhibits previously referred to and at the hearing on the motion no witnesses were sworn, no testimony was taken, and no evidence was offered. The proceeding was limited to arguments upon the law.

Examining the record and taking the statements of counsel for the relator it appears in addition that the defendant in this cause had never been arraigned in the district court nor had he ever entered a plea to the information filed against him.

The affidavit of Ward A. Shanahan requesting the change of place of trial made the following assertions: that the Independent-Record is a newspaper of general circulation published in Lewis and Clark County, Montana; that said newspaper has a paid circulation in Lewis and Clark County of 8,513 subscribers; that according to the 1960 census, the last official census, the population of Lewis and Clark County is 28,006 persons; that the Helena Independent is widely read in said county and the affiant alleges upon information and belief that said newspaper is seen and read daily by at least 60 percent of the population; that on February 19, 1965, an article appeared in said newspaper and thereby was disseminated throughout the county, a copy of which was attached. In addition, the petition referring to the newspaper article, says:

"the headline of said article stated, $580 taken—John Nicko-vich admits burglary in East Helena." The article recited the story of his arrest and his background in East Helena followed.

In addition to the newspaper publicity, counsel for defend-ant alleges that Sheriff Middlemas, in his weekly radio pro-gram, reporting news items of interest relating to the office of the sheriff to citizens of Lewis and Clark County, broadcast over station KBLL, had made in a fifteen minute talk, the fol-lowing statement concerning the East Helena situation: "Two thefts in East Helena during the past week have been solved and a 24-year old adult who had admitted that he was respon-sible for robbing Cap Cvar's Market of in excess of $500 is presently in jail awaiting court action."

Mr. Shanahan's affidavit further says that he has talked to more than 50 people in respect to said matter set forth in said newspaper article and radio broadcasts, including county offi-cials and people acquainted throughout the county and that he personally heard the broadcast and read the newspaper article. Further he alleges upon information and belief that the de-fendant cannot have a fair and impartial trial in Lewis and Clark County by an impartial jury guaranteed to the defendant by both the State and the Federal Constitution; that in this connection the defendant had entered a plea of not guilty; that the widespread publicity has purported to report as a matter of fact that the defendant has confessed his guilt; whereas the truth and the facts are, the defendant has entered a plea of not guilty and is presumed to be innocent until proven guilty by competent evidence sufficient to establish guilt beyond a reasonable doubt.

It is the contention of the respondent court that this hearing is limited to a review of the record to determine only whether the district court, the Honorable Jack D. Shanstrom, presiding judge thereof, had jurisdiction to make the order complained of, and that if he had that power there was necessarily in-cluded the power to decide wrongly as well as rightly and to

make an erroneous judgment as well as a correct one. Citing State ex rel. Lay v. District Court, 122 Mont. 61, 198 P.2d 761; Mailey v. Madison County, 142 Mont. 505, 385 P.2d 74.

Counsel further cite a recent case before this court, State ex rel. State Highway Commission v. Greenfield, 145 Mont. 164, 399 P.2d 989, in which this court says:

"The discretion of the trial judge ought not to be and cannot be indiscriminately disturbed by the appellate court. There must be a showing of manifest abuse of discretion."

With these cases the respondents then contend that there were facts sufficient to move the trial court's discretionary power and having done so this court should not change the district judge's order. In support of their contention that the trial court properly moved, the respondents cite Montana Law Review, Volume 18, p. 69, 1956, the recent cases of Delaney v. United States, (CCAI) 199 F.2d 107, the case of Stroble v. State of California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872; the State of Maryland v. Baltimore Radio Show, 338 U.S. 912, 70 S.Ct. 252, 94 L.Ed. 562. All of these cases deal with publicity from the newspapers, radio and television and with these decisions this court does not disagree. However, when the fact situations of all of the cases cited are reviewed, none of them are in point with the case in question. In fact in Stroble v. State of California, supra, the brief of the respondent quotes from the dissent of Justice Frankfurter:

"*To have the prosecutor himself feed the press with evidence that no self-restrained press ought to publish in anticipation of a trial is to make the State itself through the prosecutor, who wields its power, a conscious participant in trial by newspaper, instead of by those methods which centuries of experience have shown to be indispensable to the fair administration of justice.*"

This of course is not the situation in the case before this court.

The law in Montana was early established in the case of Territory v. Manton, 8 Mont. 95, 19 P. 387, and cited by both the

relator and the respondent in this case. There the court disregarded the joint affidavit of fourteen persons each of whom averred that "from what he has heard he does not believe that said Dennis Manton can have a fair and impartial trial in said county." Speaking of this affidavit the court said: "This affidavit does not state a single fact. It simply states the opinions of the witnesses from what they have heard. In the case of Kennon v. Gilmer, 5 Mont. 257, 5 P. 847, the learned Chief Justice, who delivered the opinion of the court, says: " 'An affidavit against a whole community, that states the mere conclusions of the witnesses, is of no consequence whatever. It ought to state the facts, so that the court, and not the witnesses, may determine whether the community is prejudiced. The court is to make a finding from the fact. It is to determine in a judicial manner whether an impartial trial may be had.' "

The Manton case has been quoted and approved in the most recent case of this court in State v. Barick, 143 Mont. 273, 389 P.2d 170.

■ It is well-settled in Montana that mere publication of a news story concerning a crime is not a deprivation of a constitutional right or a ground for a change of venue. This court in the Barick case said:

" '* * * The bald statement that the tale of the crime was printed in newspapers and generally read by the inhabitants of the county, and that therefore, the defendant would be deprived of his constitutional right of fair trial by an impartial jury, is a flat conclusion, and was properly disregarded by the trial Court.' State v. Davis, 60 Mont. 426, 431, 199 P. 421, 422; See State v. Dryman, 127 Mont. 579, 589, 269 P.2d 796; State v. Board, 135 Mont. 139, 143, 337 P.2d 924."

■ This court has said in a number of cases concerning news articles and broadcasts that the publication in itself is not sufficient but that the affidavits must show passion and prejudice flowing from such publication; see State v. Bess,

60 Mont. 558, 199 P. 426; State v. Hoffman, 94 Mont. 573, 23 P.2d 972. State v. Board, 135 Mont. 139, 337 P.2d 924.

The cases in Montana have established that before a district judge can exercise his discretion in granting a change of venue there must be more than (1) affiant's unsupported opinion, (2) the fact that the account of a crime has been published, that said published accounts of the crime are not prejudicial unless they are passionate enough to excite undue prejudice, to the extent of rendering it impossible for the accused to have a jury free from prejudice. None of these conditions is present here. There is no showing of prejudice within the community.

The law on the subject of when a district judge may change the place of trial is plain and understandable. Under the facts presented in this case it was a manifest abuse of discretion to change the place of trial to Meagher County.

Therefore the motion to quash is denied. Let the writ of supervisory control be issued to the respondent, the Honorable Jack Shanstrom, directing him to return to the District Court of the First Judicial District in and for the County of Lewis and Clark and there make and enter a proper order annulling and setting aside his order of April 1, 1965, and enter an order denying the motion for change of place of trial.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES concur.