THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, v.
RAYMOND L. OLSON, DEFENDANT AND APPELLANT.

No. 11916.
Decided Jan. 12, 1971.
Rehearing denied Feb. 26, 1971.
480 P.2d 822.

Fennessy, Crocker & Arness, Libby, Franklin Arness, argued, Libby, for appellant.

Robert L. Woodahl, Atty. Gen., Helena, J. C. Weingartner, Asst. Atty. Gen., argued, Helena, William A. Douglas, County Atty., Libby, Leonard L. Kaufman, Deputy County Atty., argued, Libby, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the opinion of the court.

An appeal from a judgement, entered on a verdict of guilty on two counts of rape in a case tried in Lincoln County before the Hon. Robert Sykes. Defendant was sentenced to 60 years in the state prison.

Defendant alleges the trial court made numerous errors which are combined into 11 issues on appeal. In our view there are certain dominant issues that are meritorious which require the return of the case for a new trial and the thrust of our opinion will be to those issues only.

On the evening of October 2, 1969, two young mothers were forcibly raped at a trailer village in Lincoln County. It serves no purpose here to set forth sordid details other than to note that the two young women were wives of construction workers at the Libby Dam; that defendant knew the husbands were at work at the time; and, that threats were made with a knife by defendant on the lives of their small children. We further note that at the time of the attacks defendant was under a deferred sentence for a similar offense committed in substantially the same manner within 2 years of the instant charges.

An information was filed on December 19, 1969, and arraignment held on the same date. It should be noted here that immediately after defendant's arrest and nearly 2 months prior

to the preliminary hearing, at a hearing before the Hon. Robert Keller, district judge, a court appointed defense counsel, Mr. Franklin Arness, was provided. On October 24, 1969, Mr. Arness petitioned the court for a psychiatric examination for defendant. During the period from mid-October 1969 to the time of the preliminary hearing, defendant was examined by two psychiatrists, Dr. Garcia of the State Hospital at Warm Springs, and Dr. R. A. Wetzler of Spokane, Washington.

In this case the court ruled on numerous motions of the defense. At the arraignment the following transpired:

"The Court: And what is your plea?

"Mr. Arness: The plea is not guilty to all counts of the Amended Information as filed.

"The Court: Your attention is called to the provisions of Section 95-1803(d), in the event that you are relying upon the defense of insanity, self-defense or alibi. It is my recollection that we already asked you in this case, or that would have been another, with respect to a pre-selected jury in this case before?

"Mr. Arness: No, you did not, but we would not agree to it."

The denial by the court of pretrial defense motions forms the basis for several of the issues raised on appeal.

First, defense counsel moved to segregate the issue of insanity and that that issue be tried to the jury separate from the testimony as to the crime itself. The trial court denied this motion but, then, went further and ruled: "At no time shall the prosecution in their case-in-chief raise the question as to the affirmative defense" and, "At no time, until such time as the Defendant himself assumes this affirmative defense, which he may drop or he may carry forward, will the jury be aware of such an affirmative defense. * * *"

With this ruling the trial commenced. The trial judge addressed the jury as to the nature of the case before it, giving certain stock instructions and then proceeded to the voir dire of the jury. At this stage counsel for defendant again objected to the trial procedures.

Only two witnesses, the two young women, testified for the state. Defense counsel objected to their testimony as being prejudicial and inflammatory. The defense called three witnesses, Dr. Miguel F. Garcia, Dr. Robert A. Wetzler, and defendant. Defendant testified only to the fact that he had been examined by the two psychiatrists.

The eleven issues presented by appellant for review are:

1. Publicity given the defendant's refusal to accept a preselected jury, as depriving him of a fair trial before a jury drawn from the same array from which the preselected jury would have been chosen.

2. Denial of the defendant's motion under section 95--504-(c), R.C.M.1947, for severance for trial of the issues of guilt or innocense and criminal responsibility.

3. The obligation of the state to present proof of the sanity of the defendant.

4. Refusal of the court to permit voir dire, examination of prospective jurors on subjects related to the defense of insanity of which the defendant had given notice pursuant to section 95-503, R.C.M.1947.

5. a. Departure from the order of trial prescribed in section 95-1910(b), R.C.M.1947, either in order to or incidentally to—

b. Prevent the defendant from informing the jury of his proposed defense until after all of the state's evidence in chief had been introduced.

6. Refusal of the defendant's offer to testify as a witness for the state.

7. Prejudicial effect of evidence introduced by the state despite the defendant's offer to admit the acts involved and testify to their commission.

8. Refusal of the defendant's offered instructions 7 through 18, 20 through 22, and 24.

9. Instructions 2, 3, 5, 6, 7, 8, 10, 12, 14, 16 and 22 given by the court.

10. Sufficiency of the forms of verdict submitted to the jury under the requirement of section 95-1909(h), R.C.M.1947.

11. Denial of the defendant's motion under section 95-2101-(c) (3), R.C.M.1947, for modification of the verdict by finding him not guilty by reason of mental disease or defect excluding responsibility.

■ We find no merit in appellant's issue No. 1. We have spoken often in recent years on publicity given by news media in the reporting of crimes. Our holdings can be summarized by restating that prejudice will not be presumed nor a verdict set aside unless substantial prejudice is shown by the record. State v. Logan, 156 Mont. 48, 473 P.2d 833, 27 St.Rep. 647; State v. Steward, 151 Mont. 551, 445 P.2d 741; State v. Corliss, 150 Mont. 40, 430 P.2d 632; State ex rel. Hanrahan v. Dist. Ct., 145 Mont. 501, 401 P.2d 770.

■ We find no merit in appellant's issue No. 2. Appellant argues that under the provisions of sections 95-507 and 95-508, R.C.M.1947, in criminal trials where insanity is the defense we now have the procedure for bifurcation of the trial on the issues of insanity and guilt or innocence. He argues that we follow what he terms the modern criminal procedures followed in Arizona (State v. Shanahan, 10 Ariz.App. 215, 457 P.2d 755) and in California (People v. Daugherty, 40 Cal.2d 876, 256 P.2d 911, cert. den. 346 U.S. 827, 74 S.Ct. 47, 98 L.Ed. 352).

The 1967 Legislative Assembly of Montana enacted a new code of criminal procedure (Title 95, R.C.M.1947) after four years of study by the Montana Criminal Law Commission. Chapter 5 of Title 95—Competency of Accused—is new to criminal procedure in Montana and its source is the Model Penal Code.

The question of bifurcation of issues as argued for by appellant was considered by the Criminal Law Commission but not recommended as a new procedure. Rather, sections 95-507, 95-508, R.C.M.1947, provide that the issues of guilt and mental disease or defect bearing on responsibility be presented at the same trial to the same jury. Under these sections statutory pro-

cedure is provided, if a defendant is acquitted by the jury because of mental disease or defect going to his responsibility.

■ As to issue No. 3, we find no error in the court's refusal to compel the state to prove the sanity of the appellant. Under the provisions of section 95-503, R.C.M.1947, the defense is required to establish the defense of insanity by a preponderance of the evidence. This section does not change the trial procedures, where mental disease or defect is raised, but rather, it adds the notice provisions and makes provision for those cases where there has been an acquittal on the ground of mental disease or defect going to responsibility. In State v. Sanders, 149 Mont. 166, 171, 424 P.2d 127, 129, this Court said:

"It was a legal defense for the defendant to allege insanity as a bar to his being convicted of the crime charged, but by using this defense defendant was charged with the burden of proving to the jury 'by a preponderance of the testimony' that he was in fact insane as required under § 94-201." (Now 95-503, R.C.M.1947.)

In issue No. 4, the denial of appellant's right to voir dire the jury, we are confronted with the first denial of a basic right prejudicing appellant's receiving a fair trial.

■ Article III, Sec. 16 of the Montana Constitution guarantees:

"In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same."

Section 94-4806, R.C.M.1947, provides:

"In all criminal prosecutions the accused shall have the right—

"1. To appear and defend in person and by counsel;

· "2. To demand the nature and cause of the action;

"3. To meet the witnesses against him face to face;

"4. To have process to compel the attendance of witnesses in his behalf;

"5. A speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same."

The denial of voir dire to the accused under the circumstances as hereinbefore set forth was a denial of trial by an impartial jury. Such a ruling denies the accused of a fair trial, guaranteed by Article III, Sec. 27 of Montana's Constitution which provides:

"No person shall be deprived of life, liberty, or property without due process of law."

The serious and complicated defense of insanity should be decided by an impartial jury. How could the defendant be assured of an impartial jury without questioning each juror to see if he could understand the plea and accept it?

Issue No. 5, the trial court's denial to defendant to make an opening statement until after the presentation of prosecution's case, was also prejudicial error. We so find for him here once again the trial court interfered with defendant's right to have the jury consider his defense. The court's good intentions in making this ruling gives it no lustre in viewing the defendant's rights.

Two Montana statutes set forth the order of trial:

"95-1910(b). The county attorney must state the case and offer evidence in support of the prosecution. The defendant may make his opening statement prior to the state's offer of evidence, or may state his defense and then offer evidence in support thereof after the state rests."

346

"95-1911. When the state of the pleading requires it, or in any other case, for good reasons, and in the discretion of the court, the order prescribed in the last section may be departed from.''

Under our new procedure, the defendant is allowed to make his opening statement either after the state's opening statement or when the state rests; and under these circumstances, where the mental condition of the defendant is the defense, a substantial right of the defense was denied. Here, there was but one defense—insanity. Refusal to permit the defendant to tell the jury what his defense would be or whether he had a defense, as the law expressly gives him the right to do, is prejudicial.

We find no merit to issue No. 6. Appellant tried to prevent the two women witnesses from testifying alleging that the very nature of their testimony would be prejudicial to him and prevent his obtaining a fair trial. Here, appellant moved the court to allow him to testify in place of the two witnesses. A unique approach to his problem, but without a tinker's dam of merit. In a criminal trial the state has the burden of proving a defendant guilty beyond a reasonable doubt—a duty that cannot be waived, with the exception of a plea of guilty by a defendant. State v. Palen, 119 Mont. 600, 178 P.2d 862.

To appellant's cry that the testimony of the two women was prejudicial—so be it. In the commission of these crimes the very nature of the crime arouses feelings of anger—but it is necessary to establish the corpus delicti of the case as well as satisfy the state's burden of proof. State v. Jensen, 153 Mont. 233, 455 P.2d 631.

Finally, we come to appellant's issues going to instructions given; instructions of defendant that were refused; the verdict; and, denial of a modification of the verdict. In view of our holding that the case must be returned for a new trial, we assume the trial judge at the retrial will be guided by this opinion and will properly instruct the jury. Therefore, we find it unnecessary to consider these issues.

The verdict and judgment are reversed and a new trial ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY and CASTLES, concur.