No. 80-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

STATE OF MONTANA,

Plaintiff and Appellant,

vs.

LONNIE LINK,

Defendant and Respondent.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Chris Tweeten argued, Assistant Attorney General,
Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
Carroll Blend argued, Deputy County Attorney, Great
Falls, Montana

For Respondent:

Michael Smartt argued, Public Defender, Great Falls,
Montana

Submitted: June 8, 1981

Decided: JUN 2 3 1981

Filed: JUN 2 3 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The State appeals from an order entered in District Court, Cascade County, granting defendant's motion for a change of venue. We reverse.

Defendant was arrested February 25, 1980, in Great Falls, Montana, and was charged with felony theft. He pleaded not guilty and was released on his own recognizance. Trial was set for June 30, but was vacated and reset for August 25, 1980. On August 11, 1980, defendant was arrested for robbery. Both crimes were reported in the Great Falls Tribune. One article, published 12 days before trial, pictured defendant in handcuffs, and in an article appearing a week before trial, several community businessmen were reported as being critical of the presiding district judge for having released defendant on his own recognizance. The remaining articles were routine news releases concerning the crimes allegedly committed by defendant.

On August 25, the day of trial, defendant filed a motion and affidavit with the District Court requesting either a change of venue, or the postponement of the trial to allow time for the publicity to die down. Following hearing, the district judge granted defendant's motion for a change of venue. The State appeals.

The parties raised several issues which we frame as follows:

1) Did the district judge abuse his discretion in granting the change of venue?

2) Should this Court reconsider the standard used to determine whether a change of venue should be granted?

The State contends that the district judge abused his discretion in granting the change of venue, because there was not a showing of existing prejudice in the community. A mere showing of publication does not prove that prejudice results, which will bias the trial. Defendant argues that the State has a heavy bur-

> "The cases in Montana have established that
> before a district judge can exercise his discre-
> tion in granting a change of venue there must be
> more than (1) affiant's unsupported opinion, (2)
> the fact that the account of a crime has been
> published, that said published accounts of the
> crime are not prejudicial unless they are
> passionate enough to excite undue prejudice, to
> the extent of rendering it impossible for the
> accused to have a jury free from prejudice."
> State ex rel. Hanrahan v. District Court,
> (1965), 145 Mont. 501, 508, 401 P.2d 770, 774.

See also State v. Corliss (1967), 150 Mont. 40, 430 P.2d 632;

State v. Sandstrom (1978), ___ Mont. ___, 580 P.2d 106, 35

St.Rep. 744.

What is required by Montana case law, then, is more than

an allegation of publicity; the court must determine that the

publicity has so affected the community and has so aroused preju-

dice in the community that a fair trial cannot be had.

Here, there was no attempt to assess the effect of the

publicity. Although the jury was ready for trial, the change of

venue was granted without questioning the prospective jurors as

to their knowledge of the case, whether they had seen the

publicity, or as to the effect on them of the publicity. The

decision to change venue resulted from a finding of prejudice per

se arising only from publication. This is not the law in

Montana. With no finding of existing prejudice, the district

judge abused his discretion in ordering the change. Therefore we

reverse the order and remand the cause for trial in Cascade

County.

The defendant in this case admitted that there was no

showing of existing prejudice. He acknowledged that no one

article was passionate enough to arouse the prejudice of the

community, but he urged the court to view the cumulative effect

of all of the articles published. He argued that the standard

used in Montana for granting a change of venue is too rigid to be

workable, and urges this Court to adopt the ABA standard on

change of venue or continuance. Montana law now requires a

den to show abuse of discretion by the judge. He contends that the articles published and the information which the judge was aware of were sufficient to allow him to make a determination that defendant could not get a fair trial.

The statute authorizing a change of venue requires a showing of existing prejudice:

> "Change of place of trial. (1) The defendant or the prosecution may move for a change of place of trial on the ground that there exists in the county in which the charge is pending such prejudice that a fair trial cannot be had in such county. The motion must be made at least 15 days prior to trial except that, if good cause is shown, it may be made thereafter.
>
> "(2) The motion must be in writing and supported by an affidavit which must state facts showing the nature of the prejudice alleged. The defendant or the state may file counter-affidavits. The court shall conduct a hearing and determine the merits of the motion.
>
> "(3) If the court determines that there exists in the county in which the prosecution is pending such prejudice that a fair trial cannot be had, it shall transfer the cause to any other court of competent jurisdiction in any county in which a fair trial may be had." (Emphasis added.) Section 46-13-203, MCA.

The findings of the district judge do not indicate that he found existing prejudice. Rather, he found that "the publicity incident to these particular cases, without more, is sufficient to warrant a change of venue." Noting that two charges were pending aginst the defendant in Cascade County at this time, the district judge determined that judicial time and economy would be best served by ordering a change of venue.

This Court has indicated that where the evidence is inconclusive on the issue of prejudice, the district judge's discretion should be relied on. His ruling should not be disturbed unless an abuse of discretion is shown. State v. Bashor (1980), ____Mont.____, 614 P.2d 470, 476, 37 St.Rep. 1098, 1100. Under the facts of this case we find an abuse of discretion.

This Court has discussed the showing that must be made before a change of venue is granted:

showing of existing prejudice substantial enough to make a fair trial impossible, while the ABA standard requires only a showing of a "reasonable likelihood" that a fair trial cannot be had, and it does not require any showing of actual prejudice.

We agree that the "impossible to have a fair trial" standard is an unworkable one. It is unlikely that except in the most extreme circumstances that the defendant could show that it is impossible to obtain a jury free from prejudice. But, rather than adopting the ABA standard, as we are urged to do by defendant, we will hereafter apply the rule as set out by the Illinois Supreme Court, in interpreting the Illinois venue statute, on which our statute is patterned:

> "[T]he rule is that an accused is entitled to a change of venue when it appears there are reasonable grounds to believe that the prejudice alleged actually exists and that by reason of the prejudice there is a reasonable apprehension that the accused cannot receive a fair and impartial trial. People v. Berry (1967), 37 Ill.2d 329, 226 N.E.2d 591, 592-593.

See also, People v. Campbell (1975), 28 Ill.App.3d 480, 328 N.E.2d 608.

By adopting the Illinois standard, we are not suggesting that a showing of existing prejudice need no longer be made. Before a district judge can find "reasonable grounds to believe that the prejudice alleged actually exists", something beyond bare allegation is required to prove that the community is actually infected with prejudice. However, by holding that the defendant no longer has to show that it is "impossible" to find an unprejudiced jury in the community, we are allowing a district judge to exercise his discretion in determining that the actual prejudice is sufficiently pervasive to warrant a change of venue.

Although we are adopting this rule prospectively, it is unlikely that defendant would have prevailed under the new standard. As we noted above, no actual existing prejudice was alleged or proved which is fatal under either standard.

The order of the district judge is reversed, and we remand

the cause to Cascade County for trial on the merits.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices