No. 82-27

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JAMES THOMAS RITCHSON,

Defendant and Appellant.

Appeal from:  District Court of the Third Judicial District,
In and for the County of Powell
Honorable Mark Sullivan, Judge presiding.

Counsel of Record:

For Appellant:

C. F. Mackay, Anaconda, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Ted Mizner, County Attorney, Deer Lodge, Montana

Submitted on briefs: May 13, 1982

Decided: July 6, 1982

Filed: **JUL 6 - 1982**

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court, Third Judicial District, State of Montana, in and for the County of Powell. Following a jury trial on January 14, 1982, the defendant was found guilty of possession of a weapon by a prisoner. He was sentenced to ten years in the state prison to be served consecutively to the sentence he was serving at the time of this conviction.

The appellant, a prisoner in the Montana State Prison, was found in possession of a concealed nine-inch ice pick during a shake-down search. Before trial, appellant moved for a change of venue from Powell County, alleging that newspaper articles had prejudiced the jury, that "the climate of Powell County is such as to cause a prejudgment of guilt," and that "local prejudice will operate detrimentally to the rights of the accused." Attached to his motion were copies of several newspaper articles pertaining to recent security incidents at the prison, none of which involved the appellant, and an affidavit stating counsel's conclusion that prejudice so existed in Powell County that the appellant could not receive a fair trial.

At voir dire the defense counsel questioned twenty-eight prospective jurors about their knowledge of recent problems at the prison and their attitude toward prisoners in general. No questions regarding the particular news articles filed with appellant's motion were asked, nor were any questions asked concerning the guilt of the defendant or the charge that he faced. Following voir dire four jurors were excused for cause: one because he was a deputy sheriff of Powell County; the second because her daughter worked in

the prison and was associated with inmates; the third because she was a member of a citizens protective association in the county and lived close to the prison; and the fourth, who lived a substantial distance from the prison, because her statements indicated that she had formed an opinion that the defendant was guilty because he was charged. All four of these jurors were challenged by the defense counsel and dismissed. Defense counsel passed the rest of the panel for cause and no juror who sat on this case was either a member of the citizens protective association, had relatives working at the prison, or any close friends in prison.

Section 46-13-203, MCA, is our statutory provision for changing the place of trial. This statute provides:

> "(1) The defendant or the prosecution may move for a change of place of trial on the ground that there exists in the county in which the charge is pending such prejudice that a fair trial cannot be had in such county. The motion must be made at least 15 days prior to trial except that, if good cause is shown, it may be made thereafter.

> "(2) The motion must be in writing and supported by an affidavit which must state facts showing the nature of the prejudice alleged. The defendant or the state may file counteraffidavits. The court shall conduct a hearing and determine the merits of the motion.

> "(3) If the court determines that there exists in the county in which the prosecution is pending such prejudice that a fair trial cannot be had, it shall:

> "(a) transfer the cause to any other court of competent jurisdiction in any county in which a fair trial may be had;

> "(b) direct that a jury be selected in any county where a fair trial may be had and then returned to the county where the prosecution is pending to try the case; or

> "(c) take any other action designed to insure that a fair trial may be had."

Here, the defense counsel, in a timely fashion before trial, moved for change of venue claiming that prejudice

existed in the community and appellant was, therefore, unable to obtain a fair trial. This motion was argued before the court and denied by the Honorable Mark P. Sullivan, the district judge presiding. Immediately prior to trial, on November 17, 1981, the motion was renewed and again denied by the presiding judge.

A defendant seeking a change of venue must show that there is reasonable grounds to believe that a prejudicial atmosphere exists within the present venue which creates a reasonable apprehension that he cannot receive a fair trial. State v. Link (1981), ____ Mont. ____, 640 P.2d 366, 38 St.Rep. 982. The appellant alleges that during the past two years there has been an unusual number of escapes from the state prison and because of the anxiety which has been created from this situation a citizens protective association was reorganized to do something about the increasing escapes. The local media have publicized the activities of this group and, according to appellant, the result is a poison atmosphere in the community which prevents him from receiving a fair trial.

This Court has held in numerous cases that a defendant seeking a change of venue on the grounds of prejudicial pretrial publicity must prove two elements: (1) he must show that the news reports complained of were inflammatory; and (2) he must show that the publication or articles actually inflamed the prejudice of the community to an extent that a reasonable possibility exists that he may not receive a fair trial. State v. Bashor (1980), __ Mont. ___, 614 P.2d 470, 474, 37 St.Rep. 1099, 1100; State v. Armstrong (1980), ____ Mont. ___, 616 P.2d 341, 37 St.Rep. 1563, 1572; and State v. Link, supra. The first test focuses on the nature of the publicity itself while the second focuses on its effect. Neither of these tests were met by appellant here.

The news reports attached to appellant's request for a change of venue referred only to security problems at the prison, not to the offense of the appellant. They were factual reports of escapes and concerned the formation of a citizens protective association, a group which, according to one article, was "designed to focus attention on security problems at the prison and to safeguard residents during escapes." The reports were factual, contained no editorializing and could not serve to inflame the prejudice of the community. Cf., State v. Dryman (1954), 127 Mont. 579, 581-583, 269 P.2d 796, 797-798.

The appellant failed to show that the publication of the articles actually inflamed the prejudice of the community. He did not inquire at voir dire to find out if any of them had read the particular news articles in question, nor did he present any other evidence or affidavits to support the claim. The voir dire failed to establish the existence of any "indicia of undue prejudice" which this Court has required in support of a motion for a change of venue. See, State v. Armstrong, 616 P.2d at 350; and State v. Board (1959), 135 Mont. 139, 143, 337 P.2d 924, 927.

The appellant also makes the broad assertion that the fact that four jurors out of the total of twenty-eight called were challenged for cause in this case establishes the existence of community-wide prejudice. Our decisions are to the contrary. See, Bashor, supra; State v. Hoffman (1933), 94 Mont. 573, 580, 23 P.2d 972, 974, where this Court noted that the excusal of four jurors for cause went "a long way in overcoming the charge that the court abused its discretion in refusing to change the place of trial." We held in Bashor that the real question is whether the twelve jurors empaneled were

sufficiently impartial to allow them to fairly reach a verdict. Here, all the jurors empaneled stated under oath they could return a verdict based solely on the evidence which belies the statement that all Powell County juries are unalterably prejudiced by the conditions at the prison. Here, none of the jurors were prejudiced.

We find that the jury that tried the defendant was fully qualified to render a fair verdict, and the denial of change of venue was not an abuse of discretion. The judgment of the District Court is affirmed.

_John Conway Harrison_
Justice

We concur:

_Jean P Daly_

_Daniel J Shea_

_____

_____
Justices

-6-