No. 83-10

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA,

        Plaintiff and Appellant,

   -vs-

JAMES E. PAISLEY,

        Defendant and Respondent.

Appeal from:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
Ted O. Lympus, County Attorney, Kalispell, Montana

    For Respondent:

        Keller & Gilmer, Kalispell, Montana

Submitted on Briefs: March 25, 1983

Decided: May 19, 1983

Filed: **MAY 19 1983**

*Ethel M. Harrison*

—————————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant was arrested on January 17, 1982, and charged by information with one count of sexual intercourse without consent. An amended information was filed March 19, 1982, charging defendant with one count of sexual intercourse without consent, a felony, one count of sexual assault, a felony and one count of sexual assault, a misdemeanor. All of the charges stem from defendant's actions toward three female patients in his Flathead County, Montana, dental office.

After his arrest and the filing of the additional charges, defendant's dental business decreased substantially. On April 6, 1982, defense counsel mailed letters to over seven hundred of defendant's patients clarifying defendant's position regarding the charges. Defendant's dental business once again increased.

Defendant's trial on the misdemeanor charge began in justice court in Flathead County, Montana on September 27, 1982, and lasted for three days. A verdict of guilty was returned on September 30, 1982. Kalispell's Daily Inter Lake newspaper gave the trial and its result front page coverage on all four days. The Missoulian also extensively covered the trial.

The felony charges against defendant were scheduled to be tried in the Eleventh Judicial District Court, Flathead County. On October 15, 1982, defendant made a motion for change of place of trial. A hearing on the motion was held November 15, 1982. The motion was granted at the close of the hearing. Pursuant to section 46-20-103, MCA, the State now appeals the order granting the change of venue. We affirm.

Defendant's motion was supported by his defense counsel's affidavit stating facts in support of the prejudice alleged; by copies of the newspaper accounts of the September trial in justice court; and by a written report of criminologist Dr. Richard Vandiver's survey of the opinions of Flathead County's registered voters regarding the guilt of this defendant.

The State filed a motion in opposition on November 5, 1982, containing four responses to defendant's motion:

1.  Defense counsel acted inappropriately in sending the letters to defendant's clients. The letters attracted the attention of the news media. Defendant should not now be able to benefit from his own wrong.

2.  The news media covered defendant's trial in a fair and objective manner. The publicity did not affect defendant's chances of receiving a fair trial in Flathead County.

3.  The criminologist's survey indicated that a majority of the respondents believed they could decide the case solely on the basis of the evidence presented at trial.

4.  The District Court should reserve ruling on defendant's motion until voir dire of a Flathead County jury panel.

At the November 15, 1982 hearing on the motion for change of venue, defendant testified regarding the impact of his reported conviction upon his dental practice. The State called no witnesses, offered no evidence and conducted no cross-examination.

Absent abuse of discretion, the District Court's ruling on a motion for change of venue will be affirmed. State ex rel. Coburn v. Bennett (1982), ____ Mont. ____, ____, 655, P.2d 502, 506, 39 St.Rep. 2300, 2306. To grant such a

motion, there must be "reasonable grounds to believe that the prejudice alleged actually exists and that by reason of the prejudice there is a reasonable apprehension that the accused cannot receive a fair and impartial trial." State v. Link (1981), ____ Mont. ____, ____, 640 P.2d 366, 368, 38 St.Rep. 982, 985, quoting People v. Berry (1967), 37 Ill.2d 329, 226 N.E.2d 591, 593. When prejudicial pretrial publicity is alleged, the publicity must be inflammatory and create a reasonable apprehension that a fair trial is not possible before the motion will be granted. State v. Ritchson (1982), ____ Mont. ____, ____, 647 P.2d 830, 832, 39 St.Rep. 1201, 1203-04.

In the written report of his survey, Dr. Vandiver concluded:

> "The results of this survey do not overwhelmingly indicate either the liklihood or improbability of Mr. Paisley receiving a fair jury trial in Flathead County. It is obvious that the publicity given the case by the local media has been widespread and effective . . .
>
> "It was not clear that people's opinions are set regarding guilt or innocence nor does there appear to be a strong perception of agreement in the community about the case. Thus while it might be possible for Mr. Paisley to receive a fair jury trial in Flathead County the liklihood of that will undoubtedly be affected by the extent and nature of further publicity in this case."

The survey was conducted prior to defendant's trial in justice court. The trial was given extensive coverage by the media. Regarding the guilty verdict, The Daily Inter Lake reported that the justice court judge told the defendant: "The evidence presents you as being guilty of more than the particular offense charged." The paper also stated: "[The judge] said he was amending the formal charge to include misdemeanor charges against Paisley that could have resulted from the incidents detailed in the testimony of the

4

witnesses." Those witnesses are the alleged victims of the pending felony charges.

The extent of the further publicity was great. It's nature was inflammatory. Clearly, the District Court judge did not abuse his discretion in granting defendant's motion for change of venue.

Finally, in State ex rel. Coburn v. Bennett, _____ Mont. at p._____, 655 P.2d at p. 508, 39 St.Rep. at p. 2308, we stated:

> "Not every venue case requires that voir dire be employed to determine whether prejudice still 'exists and that by reason of the prejudice there is a reasonable apprehension that the accused cannot receive a fair and impartial trial.' While the determination of whether widespread prejudice prohibits selection of an impartial jury is usually made during voir dire, each case must turn on its special facts. United States v. Engleman (E.D. Mo. 1980), 489 F.Supp. 48."

The District Court's ruling on defendant's motion was within the bounds of properly exercised discretion.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

I respectfully dissent on the basis that the change of venue order is premature.

_____
Justice