JUSTICE LEAPHART
specially concurring.
¶45 I concur in the result reached by the majority. In analyzing our decision in State v. Mount, 2003 MT 275, 317 Mont. 481, 78 P.3d 829 (to which I dissented), the Court and the dissenters are ships passing in the night. The dissent invokes our holding in Mount that the Sexual Offender Registration Act is “nonpunitive” in nature and, thus, the Act does not constitute an ex post facto law. The dissent reasons that, since the Act is nonpunitive, a violation of the Act cannot be used to further “punish” the defendant by subsequently elevating the defendant to the status of a persistent felony offender.
¶46 The problem is that both the Court and the dissent fail to recognize the basic distinction between Mount and the present case. Mount focused on the Act’s requirement that a sexual offender register and disclose certain information and determined that the “registration and disclosure” requirements did not impose an affirmative restraint *21 or disability on Mount. Mount, ¶ 56. The focus of the present case is not on the Act’s requirement that an offender register, but rather the criminal sanction imposed by the Act if a sex offender fails to register. When we concluded in Mount that the registration requirement was not punitive, we were not thereby concluding that the sanction for failure to register was also not punitive. See Mount, ¶ 68 (indicating that Mount’s violation of the registration requirement occurred after enactment of the Act, and so was not at issue in his ex post facto challenge to the Act’s registration requirement nor in our analysis of the intent and effect of the Act); accord Russell v. Gregoire (9th Cir. 1997), 124 F.3d 1079, 1088, noting that no ex post facto problem exists when one is punished for failure to register under Washington’s sexual offender registration act). Contrary to Justice Nelson’s view, we observed that failure to register is an “offense”[1] that subjects one to “criminal prosecution.” Mount, ¶ 55 (emphasis added). The court’s discretion in imposing imprisonment as a penalty does not change the punitive character of any prison sentence that is imposed.[2]
¶47 The Act as a whole may be nonpunitive despite the fact that it is enforced by punitive criminal sanctions. We concluded that the registration requirement was nonpunitive after applying the test articulated by the United States Supreme Court in Smith v. Doe (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.E.2d 164. As we did in Mount, the Smith Court notes that Alaska’s Sex Offender Registration Act is “enforced by criminal penalties,” and further declares that, “[ijnvoking the criminal process in aid of a statutory regime does not render the statutory scheme itself punitive.” Smith, 538 U.S. at 96, 123 S.Ct. at 1149, 155 L.Ed.2d at 179.
¶48 The situation is no different than the requirement that a person must have driver’s license to drive in the State of Montana. Section 61- *22 5-102, MCA.[3] Like the Act’s requirement that a sex offender register, the requirement that you obtain a driver’s license is regulatory and nonpunitive in nature. The fact that the regulatory requirement that you have a driver’s license is nonpunitive does not, as the dissent would reason, mean that the sanction for driving without a license must also be nonpunitive. The criminal sanction for not having a license is clearly punitive. Section 61-5-307, MCA. The fact that the penalty for failure to have license is punitive does not mean that the requirement that you have a license is also punitive. In similar fashion, the fact that the sanction for failure to register as a sex offender is punitive, is not inconsistent with our holding in Mount that the Act’s registration requirement is nonpunitive.
¶49 In light of the above distinction, I concur with the Court.
JUSTICE RICE joins in the foregoing concurrence of JUSTICE LEAPHART.

 Incidentally, the offense may be a felony if the offender, upon conviction, is sentenced to more than one year in prison. Section 45-2-101(23), MCA (2005); see also State v. Ballard (1982), 202 Mont. 81, 86, 655 P.2d 986, 988 (“fujnder Montana law an offense is not classified as a misdemeanor or felony until the sentence is imposed”); State v. Yorek, 2002 MT 74, ¶ 20, 309 Mont. 238, ¶ 20, 45 P.3d 872, ¶ 20 (finding that the sentence of thirteen months “meets the definition of a felony’ despite the court’s option to impose a penalty of one year or less).

 Several specifically designated crimes allow the court to exercise its discretion in determining whether to sentence offenders to imprisonment, a fine or neither. See, e.g., § 45-8-209(2), MCA (2005) (harming a police dog); § 45-8-208(1), MCA (2005) (public display or dissemination of obscene material to minors); § 45-8-212(2), MCA (2005) (criminal defamation).

 The same analogy holds for the punitive sanction imposed for failure to hold a regulatory license to practice medicine, § 37-3-325, MCA.